### CALDWELL vs. DAVIS.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. There is presented to us, in this case, for decision, the following question, "whether after a judgment rendered, and execution issued, the defendant in the suit, can purchase a promissory note of the plaintiff, oppose it in compensation of the amount due, and suspend the operation of the execution, until the verity of the claim, thus set up, is examined.

The defendant, in a *fi. fa.* may purchase the plaintiffs note, and suspend the execution of the writ, till his claim, to set off the amount of the note, be determined.

The novelty of this attempt, and the inconveniences which we apprehend would result from sanctioning it, has induced us to look with considerable attention into the law on the subject. After as close an examination as we are capable of bestowing, we feel under

the necessity of deciding that the debt in this case was properly offered in compensation.

Compensation is a mode of payment—*Compensacion es un manera de paga.* It takes place by the mere operation of law, without the knowledge of the debtor, and the two debts are reciprocally extinguished, as soon as they exist simultaneously to the amount of their respective sums. *Civil Code* 298, *art.* 190, *Toullier, Droit Civil francois, vol. liv. 3, tit. 3, chap. 5, no 372. Febrero cinco juicios, p. 2, lib 3, cap. 2, §4, no. 185. Pothier, traite des obligations, no. 591, Curia Phil. p.1, juicio civil, §15, no. 8.*

If both parties be thus paid, by the circumstance of their being mutually creditors, it follows as a consequence that neither should be permitted to demand, or inforce payment of the other. This is self evident; but the difficulty in applying the rule to this case is, that the one debt is established beyond any further controversy and the right to inforce it immediate. The other is not judicially ascertained, and it may require considerable time to do so; ought we, under these circumstances, suspend the execution of one, until an examination is gone into, whether or no the extinguishment

has really taken place. The law, in balancing inconveniencies, seems to have considered it was better the judgment creditor should be exposed to this hardship, than that the debtor should suffer a greater; that of paying a sum of money he might never get back.

"On peut opposer la compensation, meme contre la ditte d'une somme due en vertu d'une condamnation judiciaire." *Pothier, des obligations, no.* 589.

Toullier says "compensation peut etre proposee, meme apres le jugement passe en force de chose jugee," *quia vicem solutionis obtinet. Toullier, droit civil, tom. liv.* 3, *tit.* 3, *chop.* 5, *no.* 410.

According to the Spanish jurisprudence, it might also be opposed to the execution of the sentence—*se puede oponer en la execucion de la sentencia. Curia Phill.* 1, *p. juicio civil,* §15, *perentorias, no.* 9.

Notwithstanding the rule is clearly and explicitly laid down, in the terms first stated, the legislator has prescribed certain rules, for the exercise of the right thus conferred which tend in a great measure to prevent the abuses to which a frequent exercise of it would lead.— One of these, and the most important, is, that

the judge, to whom the plea of compensation is presented, should before he allows it, examine whether the party offering it, can establish it immediately, or at the latest, within ten days, and if not done within that time, the execution must have its due course.

The judge then, to whom the application is made for an injunction, should in all cases, weigh well, whether it is such a one, as is susceptible of being speedily and satisfactorily proved, and, in every case, the plaintiff whose judgment is stayed, has a right to call on the party obtaining the injunction to furnish proof of the truth of his debt, within ten days, and on failure thereof the injunction should be dissolved. Nor can this period be prolonged, on the ground that witnesses are not at hand, or documents at a distance; this being the very case put in law, when compensation cannot be allowed against an execution. Whether the circumstance of the terms of our courts, in the country, being held at an interval of time, which would prevent the examination of the case, within the limitation, which the law has prescribed, deprives a defendant of the means of satisfying an execution, we will decide whenever a case occurs, in which it becomes neces-

*ary* to do so.    *See Febrero del juicio executivo*
*p. 2, lib. 2, §4, nos, 188, and 302.    Partida 5,*
*14, 20, Recopi, liv. 4. tit. 21,   leyes 1, 2 and 3,*
*which  is liv. 11, tit. 28, leyes 1, 2 and 3 of the*
*Novissima Recop.*

In making an application of these principles
to this cause, we find the debts opposed in com-
pensation, are apparently liquidated and cer-
tain;   the injunction was therefore properly
granted, and as the motion to dissolve on the
matters appearing on the face of the petition,
admitted the facts, it appears to us the injunc-
tion was improperly set aside, and that it is our
duty to direct it to be reinstated.

It is therefore ordered, adjudged, and de-
creed, that the judgment of the district court be-
annulled, avoided, and reversed, and that the
injunction originally granted in the case be re-
instated, that the cause be remanded for trial
on its merits, and that the appellee pay the costs
of this appeal.

*Morse* for the plaintiff, *Eustis* for the de-
fendant.