CHAPMAN<br>*v.*<br>NEW ORLEANS<br>GAS LIGHT AND<br>BANKING COM-<br>PANY.

## PATTISON et al. *v.* EDMONSTON et al.

Where after a judgment has been rendered, but before it is signed, defendant purchase a judgment rendered against plaintiff for a larger amount, and takes a rule on the latter to show cause why a new trial should not be granted, and why, in case of its refusal, the judgment should not be declared to be extinguished, the rule should be made absolute and the judgment declared to be extinguished by compensation. C. C. 2203. *Per Curiam:* Plaintiff would have been entitled to an injunction, and no reason has been suggested why affect should not be given to the plea of compensation on the trial of the rule, when the parties were before the court with their evidence.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. J. and *H. H. Strawbridge*, for the appellants.    *Murphy*, for the defendants.    The judgment of the court was pronounced by

KING, J.    *Carter & Co.* having obtained a judgment against the present plaintiffs, issued a *fieri facias*, the execution of which the plaintiffs enjoined, alleging that the judgment was illegally rendered, for various reasons stated in their petition.    The injunction was, on a trial conducted in the absence of the plaintiff's counsel, dissolved with damages.    The plaintiffs thereupon took a rule on the de-

PATTISON
*v.*
EDMONSTON.

fendants to show cause why a second trial should not be granted, and further to show cause, in the event of the said trial being refused, why the judgment in favor of *Carter & Co.* should not be declared satisfied and extinguished by compensation, the plaintiffs having become the owners of a judgment against *Carter & Co.* for a larger amount. The rule was discharged, without prejudice to the right of the plaintiffs to sue out an injunction for any offset which they might have to oppose to the judgment of *Carter & Co.* against them. The plaintiffs have appealed.

We think that the judge erred in discharging the rule. As regards the regularity of the proceedings anterior to the rule, it is unnecessary to express an opinion. The plaintiffs are disposed to waive the alleged irregularities, if they exist, and to rely on their plea of compensation, which we think ought to have been sustained. Subsequently to the rendition of the judgment in favor of *Carter & Co.* against them, they purchased a judgment for a larger amount, rendered in favor of other parties against *Carter & Co.*, and the latter were notified of the transfer. From the date of the notice the parties became mutually indebted, their respective claims were equally liquidated and due, and compensation took place, the effect of which was to extinguish the judgment of *Carter & Co.* C. C. art. 2203.

The plaintiffs would have been entitled to an injunction on this ground, and no reason has been suggested why effect should not have been given to the plea of compensation on the trial of the rule, when the parties were before the court with their evidence, instead of driving the plaintiffs to an injunction to accomplish the same end. It is proper to observe that no objection was made to the proceeding by rule.

The judgment of the District court upon the rule to show cause why the judgment of *Carter & Co.* against the plaintiffs should not be declared satisfied by compensation is reversed, and it is ordered that the said judgment of *Carter & Co.* be satisfied and extinguished by compensation. In other respects the judgment appealed from is affirmed, the defendants paying the costs of this appeal, and the plaintiffs those of the costs below, with the exception of the costs on the rule, which are to be borne by the defendants.