No. 617

First Circuit

## HART v. POLIZZOTTO

(June 30, 1930. Opinion and Decree.)
(October 31, 1930. Question Certified to Supreme Court.)
(December 16, 1930. See Decision of Supreme Court, Docket No. 30,954.)
(January 26, 1931. Judgment Rendered in Accordance with Supreme Court Instructions.)
(March 3, 1931. Rehearing Refused.)

A. D. Danziger, of New Orleans, and Benton & Benton, of Baton Rouge, attorneys for plaintiff, appellee.

Borron, Hebert & Owens, of Plaquemine, attorneys for defendant, appellant.

ELLIOTT, J. This controversy involves a question of cost. The above numbered and entitled case, Lewis B. Hart being the plaintiff, was appealed to the Supreme Court, Hart v. Polizzotto, 168 La. 356, 122 So. 64, 66, and decided, and upon the return of the case to the lower court the plaintiff-executrix substituted for Hart moved against the defendant Polizzotto to have fixed and taxed the cost which he owed in the case, to the end that he might be compelled to pay it.

The defendant, Polizzotto, for answer to the rule, alleged that the cost which he owed had been extinguished by compensation. The plea was based on a finding of the Supreme Court in deciding the case. Mrs. Lotz, executrix, filed a plea of prescription against the debt which the defendant urged in compensation, alleging that it was barred by the prescription of five years. This plea of prescription was not. acted on in the lower court; the minutes of the lower court do not show any, and, as the lower court did not act on it, and no bill of exception was reserved to the failure of the court to do so, the question is not before us on appeal.

The lower court, acting on defendant's plea of compensation, for written reasons filed, held that the cost in question had not been extinguished in the way claimed by Polizzotto, and rendered judgment against him, as prayed for by Mrs. Lotz.

The defendant, Polizzotto, appealed the case to this court. The appellee has not requested that the case be sent to the Supreme Court nor otherwise questioned the jurisdiction of this court, but we are acting on the appeal hesitatingly for the reason that the question of compensation involves an interpretation and the proper enforcement of a decision of the Supreme Court.

The question of compensation, however, has been raised since the case was decided by the Supreme Court. It was brought forward by Polizzotto in the lower court on the return of the case, for the purpose of showing that the cost, which he admits was due, had been extinguished. He relies on the following language used in the Supreme Court decision, to establish the compensation pleaded. We quote from the opinion:

"It appears that plaintiff, without the knowledge of defendant, bound himself, in solido, with others, on a continuing guaranty for $160,000, in favor of the People's Bank of Plaquemine, which later failed. Defendant endeavored to have plaintiff relieved, as far as possible, of this contingent liability, which, to plaintiff, was a very serious one. Through his efforts and the efforts of attorneys, the matter was finally compromised so as to relieve plaintiff, on his paying approximately $7,000. Plaintiff did not have the money on hand with which to make the payment. Arrangements were made with the Iberville Bank & Trust Company to lend the money for that purpose. A note was executed in favor of the bank by plaintiff as maker, and defendant as accommodation maker, for $7,000, the two binding themselves, in solido, for the amount of the note. The four mortgage notes under consideration were then executed and delivered to the bank. About a month later, defendant having in the meantime sold the liberty bonds given him in partial payment by plaintiff, paid the note, executed in favor of the bank, upon which he was bound as accommodation maker, and the bank

delivered to him the note that he had paid, together with four collateral notes. The effect of this payment, which was with defendant's own money, was to subrogate defendant to the mortgage notes given as collateral," etc.

The opinion of the Supreme Court terminated the finding of facts, however, with a decree affirming the judgment appealed from. We have examined the judgment which had been appealed from, and have also looked into the issues that were before the district court, and upon which the district judge acted. The ownership of this $7,000 note was not one of the issues in the case, but it figured in the trial and was a matter which the Supreme Court considered in acting on the case, to the extent quoted from the opinion.

The district court in his reasons for judgment on the rule for cost, acting on the plea urged by Polizzotto, has this to say:

"I cannot agree with defendant that his title to the plain note for $7000.00 referred to in his answer was set at rest by the Supreme Court's decision.

"The decree of the Supreme Court simply affirmed the judgment of the District Court, and decreed that the costs of the appeal should be paid by the defendant and the plaintiff in the proportion of 2/3 and 1/3 respectively.

"The note referred to was not only not mentioned by the decree of the District Court, which has been affirmed, as aforesaid, but it was not even mentioned or referred to in the pleadings in this suit, and the question whether defendant Sam Polizzotto was the owner of said note was not at issue in the case.

"Although, as stated by counsel for defendant in their brief, it is well settled that pleadings may be broadened and supplemented by evidence admitted without objection, there are limitations to that rule. Defendant's title to the note referred to was not set up in the alternative or otherwise, either by way of reconvention or in compensation of plaintiff's demands.

"The plea of res adjudicata is stricti juris and must be established beyond question. All doubts enure to the benefit of the party against whom it is pleaded. It is elementary that in the decree rendered, and not in the opinion pronounced, will be found the thing adjudged."

Assuming, however, that defendant is the owner of the note for $7,000, it appears from his own testimony that he acquired same March 30, 1922, which was long prior to the death of L. B. Hart, and long prior to the filing of this suit, and, as defendant did not plead said note in compensation as a defense against the demands of L. B. Hart in this suit, or even in the alternative, as against any costs that defendant might be condemned to pay herein, we are satisfied that it is not permissible for defendant to plead said note at this stage of the proceedings in compensation as against the judgment rendered against him for costs.

The plea of the defendant in rule, seems to us to come under the reasoning of the district court, according to which, under the facts of the case and the law applicable thereto, he is not entitled to a decree holding that the costs which he owes have been extinguished in the way claimed by him.

The indebtedness of L. B. Hart to Polizzotto for $7,000 on the note mentioned is not res adjudicata under the decision of the Supreme Court, but plaintiff's demand for costs is res adjudicata, and the amount due by defendant is conceded. Therefore the costs due the plaintiff in rule are not compensated and extinguished by the alleged indebtedness opposed to it in the answer of the defendant.

The lower court decided the case correctly.

Judgment affirmed. Defendant and appellant to pay the costs in both courts.

---

TO THE HONORABLE, THE SUPREME COURT OF LOUISIANA:

Availing ourselves of the provisions of article 7, section 25, of the Constitution, and Act No. 191 of 1898, we desire the Supreme Court to instruct us as to the proper effect which the opinion and decree of the Supreme Court should receive on the questions of res adjudicata and compensation raised by the defendant Samuel Polizzotto in answer to a rule against him to have the amount of costs which he owes under a decree of the Supreme Court fixed and taxed against him. The suit in question is that of Hart v. Polizzotto, No. 29,409 in the Supreme Court, 168 La. 356.

Upon the return of the case to the district court, the plaintiff, Mrs. Lotz, executrix, etc., caused a rule to issue to the defendant Polizzotto, the purpose of which was to have the amount of costs which he owed, fixed and taxed against him.

In answer to the rule, the defendant, Polizzotto, contends that the costs for which he had been liable under the decree, had been paid and extinguished by compensation, taking the position that such had resulted from the opinion and decree of the Supreme Court holding that Lewis. B. Hart was legally and justly indebted unto him in the sum of $7,000 on a note which he had paid for said Hart, using his own, Polizzotto's, money for that purpose, and that he therefore owed no costs.

The district court held against him, and on appeal to this court, the judgment of the district court was affirmed, the said judgment being reported in the advance sheets of the Southern Reporter, July 31, 1930, at page 244.

Defendant Polizzotto has applied for a rehearing and contends in his application that this court has erred as a matter of law in not giving to the opinion and decree of the Supreme Court the effect of establishing said indebtedness on the part of Hart to Polizzotto, and incidentally furnishing the foundation for the compensation, which he urges has taken place.

The case is now pending in this court on defendant's said application for a rehearing, and this request for instructions is made to the end that if the opinion and decree of this court, in acting on said appeal, is in error as to the effect and result of the opinion and decree of the Supreme Court, in holding against the contentions of the defendant, we pray to be so instructed so that said rehearing can be acted upon in a way that will enable us to make our decree conform to the views of the Supreme Court in the matter.

To the end that the Supreme Court may have the question raised by the answer to the said rule before it, as it was before us, and to save the time if the Supreme Court requires the record, we are having the clerk of this court attach to this application the record in question, in so far as same applies to the rule to tax costs.

Respectfully submitted,

--------------------------------------------
--------------------------------------------
--------------------------------------------

Judges.

---

ON APPLICATION FOR REHEARING

PER CURIAM. On application for rehearing, after further consideration, we

became doubtful of the correctness of the views in which we affirmed the judgment of the lower court.

Instead of granting the rehearing, however, we applied to the Supreme Court for instructions. On review, that court held that both the judgments of the district court and of this court were in error, and answered that the plea of compensation set up as the only defense, was well founded and should have been sustained.

It would be the doing of a vain thing to have the case re-submitted to us merely for the purpose of having this court comply with the instructions of the Supreme Court. We will, therefore, ex proprio motu, enter the following decree:

It is ordered that the judgment of the lower court, as well as the original judgment of this court are both now set aside, avoided and reversed, and it is further ordered that there be judgment against the plaintiff and in favor of the defendant sustaining the plea of compensation and dismissing the plaintiff's suit at her cost.

---

ON APPLICATION FOR REHEARING

Plaintiff in rule applies for a rehearing on the ground principally that a plea of prescription filed herein has not been considered by the court.

In certifying the matter involved in this case to the Supreme Court we transmitted the whole record with the application to that court. Whether the court considered the plea of prescription or not, it sustained the plea of compensation. In our opinion, by sustaining the latter plea, by implication, it passed on the plea of prescription.

For the foregoing reasons the application for rehearing is refused.