**(131 So. 574)**

**HART v. POLIZZOTTO.**

No. 30954.

Dec. 1, 1930.

Fred G. Benton, of Baton Rouge, for plaintiff in rule.

Borron & Hebert, of Plaquemine, for defendant in rule.

ST. PAUL, J.

This case was decided by the Court of Appeal, and is reported in 129 So. 244. The decision, though reported, is not final, but is pending on application for a rehearing.

We are now asked by the Court of Appeal to instruct them how to decide the case, because in his application for a rehearing the defendant claims that the Court of Appeal erred in not giving proper effect to the decision of this court in the case of Hart v. Polizzotto, 168 La. 356, 122 So. 64.

In that case we decided that defendant was entitled to retain possession of four mortgage notes aggregating $7,000 given in pledge to the Iberville Bank & Trust Company to secure a joint and several note for a like amount of $7,000, on which note the plaintiff was primarily and the defendant only secondarily liable. We found that defendant had paid the last-mentioned note with his own money, and that "the effect of this payment, which was with defendant's own money, was to subrogate defendant to the mortgage notes given as collateral." See R. C. C. art. 2160.

We then apportioned the costs two-thirds to plaintiff and one-third to defendant.

Thereafter defendant's proportion of the costs was fixed at $516.78; but defendant pleaded in compensation the $7,000 note which he paid to the bank.

I.

It is quite immaterial for the purpose of this case whether our decision be, or be not, res judicata as to the ownership of the $7,000 note which defendant paid for plaintiff: suffice it to say that the facts, as found

by us in the case, and as shown by the former record and by this, are that defendant was only secondarily liable on said note, and paid it with his own money.

He was therefore subrogated to the rights of the holder thereof. R. C. C. art. 2161(3).

## II.

As the claim of defendant for $7,000 on the note was a liquidated claim, it is clear that it could be pleaded in compensation against the judgment for costs. R. C. C. art. 2209. A note may be pleaded in compensation against a judgment. Riddell .v. Gormley, 4 La. Ann. 140.

## III.

Nor do we find any reason to reject said plea in compensation because not set up until the rule for costs was taken. Such plea could not have been set up in the original proceedings, because the defendant's liability for costs had not yet arisen. Until his liability for costs arose, he was in no position, and had no need, to plead his note in compensation against them.

Our answer to the Court of Appeal is that the plea of compensation set up by the defendant is well founded and should have been sustained.