No. 802

First Circuit

SLIMAN v. MAHTOOK

(October 7, 1931. Opinion and Decree.)

Williams & Blackshear, of Oberlin, attorneys for plaintiff, appellee.

L. J. Mayeux, of Oberlin, attorney for defendant, appellant.

LeBLANC, J. In a former suit between these same parties, judgment had been rendered in favor of the plaintiff, K. Sliman, decreeing him to be the owner of certain property, but there also was a moneyed juugment in favor of the defendant, B. Mahtook, on a reconventional demand, in the sum of $411.65, with interest and costs. Mahtook then obtained a writ of fieri facias on his judgment, under which Sliman's property was seized and advertised for sale. The latter paid all costs involved in the former suit, and also paid the sum of $150 on account of said judgment. He had in the meantime purchased two certain bank checks made and drawn by Mahtook, one for the sum of $146.73 and the other for $146.35, both in favor of Elias Bakery in payment of liquidated claims, on both of which the respective banks on which they were drawn refused payment on the ground that there were not sufficient funds to meet them. These two checks, as well as the amount paid by him as costs, Sliman pleaded in compensation against the judgment which Mahtook was attempting to execute against him. He obtained a rule for a preliminary injunction which does not seem to have been contested, and the court accordingly granted the injunction arresting the sale of the property. Mahtook then appeared to answer to the merits, and urged in defense that the two checks could not be pleaded in compensation, as the purported obligation they were said to represent was not liquidated, and also that, not having been acquired by Sliman in due course, he had a right to plead the same defense against them as he had against the original holder who could not have enforced any obligation on them as they were given in payment for syrup which turned out to be bad and worthless.

From a judgment in the lower court which held that the two checks could properly be pleaded in compensation, and which rejected the other defense that they were without consideration as having been given in payment of defective syrup, the defendant, Mahtook, has appealed.

The ruling of the court that compensation could be pleaded by this plaintiff was undoubtedly correct. Compensation is a form of payment which takes place by mere operation of law, witnout the knowledge of the debtor, and "the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums." Civ. Code, arts. 2207, 2208; Caldwell v. Davis, 2 Mart. (N. S.) 135. Civil Code, art. 2210, further provides that it takes place "whatever be the causes of either of the debts." The law makes no distinction between the different forms of debt; the principal requirement being that they be "equally liquidated and demandable." Civ. Code, art. 2209. In Caldwell v. Davis, cited supra, it was the creditor's note which the debtor had purchased and was pleading in compensation. In Pattison et al. v. Edmonston et al., 4 La. Ann. 157, it was their judgment creditor's own judgment which the judgment debtors had bought and successfully pleaded in compensation. In the very recent case of Hart v. Polizzotto, 16 La. App. 444, 171 La. 493, 131 So. 574, the Supreme Court held that a person, although only secondarily liable on a note which he had paid, could plead the same in compensation against a judgment rendered against him for costs of court. If the forms of obligations relied on in the cases referred to constituted debts equally liquidated and demandable with a judgment, it would seem that a

bank check, which is an unconditional order to pay money and constitutes an assignment of the funds it is drawn against the moment the bank is notified of the drawing, creates a debt which is as fully liquidated and demandable and is of equal dignity with the others.

Compensation may be pleaded at every stage of the proceedings, provided it be specially pleaded, and it may be pleaded either in answer to the principal demand or claimed in a separate and distinct demand. Code of Practice, arts. 367, 368. In Pattison et al. v. Edmonston et al., cited supra, it was made the basis of an injunction, as in this case, to prevent the execution of a judgment against which it was being pleaded. This case alone seems to be sufficient authority to support the ruling of the lower court on this question.

This brings us to a consideration of the second ground of defense urged by the defendant that he owes nothing on the checks held by plaintiff as they were given in payment for syrup which he bought from Elias Bakery at New Iberia, most of which turned out to be sour and spoiled and was returned by him. He avers that under an agreement between them he was to be given credit for the amount returned, all of which credit had accrued long prior to the purported sale of the two checks to the plaintiff.

It does not appear that Sliman claims to have acquired the checks in due course, as he alleges in his petition that payment on both had been refused by the bank. Besides, the notarial act by which they were transferred to the plaintiff shows that this was done long after their respective dates. They are therefore subject to the same defenses as they would have been in the hands of the original payee, and Mahtook may properly avail himself thereof.

This last defense he makes involves a question of fact on which there is much conflicting testimony. The defendant testifies that he had been buying syrup by the truckload from Elias Bakery, to whom he gave his check for each truckload, but that they were not to be presented for payment until the syrup had been retailed, when he would return for another truckload. The two checks here involved were issued under the same conditions and with the same understanding, but it turned out that some of the syrup for which they had been given, as well as some previously purchased, soured, and he was obliged to take back a large amount of it from his customers. He states further he returned on one occasion 215 gallons of it and on another 43 gallons to Elias Bakery, who agreed to credit his account or checks for that much, and that, on the return of the last 43 gallons, Elias, proprietor of the bakery, told his truck driver not to return any more of the spoiled syrup, but to keep account of what was returned by his customers, and he would be given credit for it. He claims that the total amount of credits thus due him would more than balance the amount of the two checks in question.

Defendant's son and other witnesses also testify about the return of the 215 and the 43 gallons of syrup to Elias Bakery in New Iberia on two different occasions, and those of them who speak it say that Elias told them in the Syrian language to tell Mahtook that he need not return any more of the sour syrup but to take credit therefor according to his own accounting.

All of this is flatly contradicted by Elias, proprietor of Elias Bakery, who also de-

nies that he ever agreed to allow any credits for the return of defective syrup. It is somewhat singular that the first complaint made about the syrup arose with the filing of this suit. Elias had frequently made demand on Mahtook for payment of the checks, and, although given other excuses for the delay in payment, never was told anything about the syrup being bad. It is also significant that, in the face of the agreement which he says he had with Elias he would be given credit for these checks, Mahtook would have left them outstanding for so long a period, during which time they came into the possession of the plaintiff. The latter, after he acquired them, also demanded payment, and again there is no complaint made to him that they were given in payment for syrup that was not merchantable. Finally, we have the testimony of Mr. Bennett Voorhies, prominent attorney of Lafayette, La., taken under commission, from which we learn that at one time he held the checks for collection, and that, on demand being made, defendant called at his office, and, after admitting that he owed the checks, pleaded with him for more time in which to pay, because he had been ill. He made no complaint about the claim; merely stating that he was unable to pay and asking further indulgence.

The rule is that, in cases where there is a conflict of testimony, much reliance will be placed on the finding of the trial judge. We do not think that it can be said that the learned judge erred in holding that the circumstances and presumptions in this case produced a preponderance of evidence in favor of the plaintiff.

The judgment sustaining the plea of compensation and perpetuating the injunction which had issued was correct, and is therefore affirmed.