ELLIS, Judge.
The original suit herein was one in which the plaintiff claimed $1741.55 for a certain number of shoes sold to the defendant. The defendant resisted the demand and the record shows that the shoes had been returned to the plaintiff.
The case was duly tried and appealed to the Circuit Court and writs denied by the Supreme Court and the final result was a judgment in favor of the plaintiff for the full amount claimed. See La.App., 40 So'. 2d 36.
We have under consideration an action in which the defendant, a judgment debtor, is seeking to resist the execution of the judgment for the full amount and asks that certain compensation or set-off be allowed. The judgment debtor has filed a petition in which he alleges that prior to the rendition of the judgment by the District Court and the Court of Appeal he had returned to the plaintiff, Star Shoe Company, 432 pairs of shoes for credit on the account sued on and that after the judgment was rendered by this Court, he and his attorney called upon the attorneys for the plaintiff in order that proper adjustment might be made for the shoes returned and for payment of the balance due. Fie alleges that they were informed that the Star Shoe Company has sold 272 pairs of the shoes -and were, therefore, not able to return them to the defendant, but that the attorneys on behalf of the plaintiff would not consent to any reduction in the amount due under the judgment for the price of the 272 pairs of shoes so sold, and, further, that the Star Shoe Company is in possession of the remaining 160 pairs of shoes and that they should be compelled to return these shoes to the judgment debtor.
It is further shown by the petition that on the 12th day. of July, 1949 the Star Shoe Company, acting through its attorneys, caused to be issued a'writ of fieri facias fpr the whole amount- of the judgment, and under this writ seized., all monies belonging to the judgment debtor in the First State Bank and Trust Company of Bogalusa, whereupon the officials of the bank paid over to the Sheriff, Dorman A. Crowe, of Washington Parish, the sum of $1741.55, the full amount of the judgment plus interest and costs although the writ was not accompanied by a writ of garnishment, “and that said Dorman A. Crowe is in posssession thereof in his official capacity.” It is further alleged that no rule herein has been filed by the Star Shoe Company or their attorneys and no notice to petitioner given to protect his rights and claims against the Shoe Company by reason of having declined to deliver to the petitioner the shoes returned or to account therefor, and that notwithstanding the petitioner’s tender to ' satisfy the judgment upon being allowed credit in the sum of $1020.20 for the shoes sold and returning the remainder of said shoes, the Star Shoe Company proceeded in the manner outlined. Wherefore, the petitioner prayed for the citation of the Star Shoe Company through their attorneys of record, and Dor-man A. Crowe, Sheriff of said parish, and after the legal delays and due proceedings that there be judgment in favor of the petitioner and against the Star Shoe Company decreeing that the sum of $1020.20 be deducted from the sum to be paid out of the seizure and, accordingly, that the Sheriff be authorized and directed to deduct the amount thereof from the funds in his possession, and that the shoe company be compelled to deliver unto the judgment debtor, D. R. Hendricks, the 160 pairs of shoes that they have in their possession, all as a condition precedent to a collection of the judgment in question. •
To this petition the Star Shoe Company, a nonresident corporation domiciled in Boston, Mass., through its attorneys filed an exception to the petition on the ground that the citation issued is defective and also that it discloses no right or cause of action. The lower court sustained the exception of no cause or right of action with oral reasons. It is stated in brief of counsel for Star Shoe Company, although not in the record, that the learned. Judge of *430 the District Court stated, and it is the contention of the judgment creditor, that the action of the judgment debtor was in effect a collateral attack upon the judgment and that as it was a judgment of the District Court, affirmed by the Court of Appeal and Supreme Court and completely executed, it was, therefore, in his opinion “as solid as the rock of Gibralter” and neither the District Court nor any other Court had the right to attack this judgment as was attempted in the petition of the judgment debtor. The Court then cited Article 556 of the Louisiana Code of Practice which provides as follows:
“Methods enumerated. — Definitive judgments may be revised, set aside or reversed :
“1. By a new trial.
“2. By appeal.
“3. By action of nullity.
“4. By rescission.
“This last mode can only be exercised by minors, or persons who were absent when judgment was rendered against them.”
It is true that the judgment debtor is not trying to revise, set aside or reverse the judgment by any one of the four procedures stated in the quoted article of the Code, of Practice. The original judgment was based upon the proposition that the defenses of the defendant, now the judgment debtor, were not good and, therefore, the Star Shoe Company was entitled to payment in full for the shoes which, of course, would mean that Hendricks was the owner of the shoes. There was no plea of compensation or set-off in the original suit. There was nothing in the record at the time of the rendition of the original judgment or until the filing of the present petition to show that the Star Shoe Company had taken the shoes from the express company and had sold 232 pairs of them and was refusing to give credit or return the other 160 pairs. If this had been proven on the trial of the case there is no doubt that this judgment would have been different. At least Hendricks would have been given credit for the amount for which the Star Shoe Company sold the 232 pair of shoes. Of course, the judgment debtor is claiming the invoice price and he might be entitled to that credit rather than the amount for which the shoes were sold. However, he would have received credit at least in the amount for which the shoes were sold and the Star Shoe Company would have been ordered to return the 160 pairs of shoes.
According to the brief of counsel for the Star Shoe Company, counsel for the judgment debtor did not cite a single, solitary authority in the District Court.
In the case of Meriwether v. Dorrity, decided by the Supreme Court and reported in, 158 La. 405, 104 So. page 187, 190, in a per curiam opinion by that Court as a result of an application for rehearing, the Court said: “Of course the defendants should receive credit for all rent collected by plaintiff after defendants had abandoned the premises, and during the term for which they are held liable; same to be imputed as of the date when collected. Holden v. Tanner, 6 La.Ann. 74, Ledoux v. Jones, 20 La.Ann. 539; see, also, Succession of Romero, 137 La. 236, 251, 68 So. 433. But no amendment of our decree is necessary for that purpose, since such credit may be urged as a set-off against the judgment itself in reduction and partial compensation thereof. Code of Practice, art. 373; Caldwell v. Davis, 2 Mart., N.S., 135.”
Also see Sliman v. Mahtook, 17 La.App. 635, 136 So. 749, 750 wherein it was stated :
“ * * * Compensation is a form of payment which takes place by mere operation of law, without the knowledge of the debtor, and ‘the two debts are reciprocally extinguished’, as soon as they exist simultaneously, to the amount of their respective sums.’ Civ. Code, arts. 2207, 2208; Caldwell v. Davis, 2 Mart., N.S., 135 Civil Code art. 2210, further provides that it takes place ‘whatever be the causes of either of the debts.’ The law makes no distinction between the different forms of debt; the principal requirement being that they be ‘equally liquidated and demandable.’ Civ. Code, art. 2209. In Caldwell v. Davis, *431 cited supra, it was the creditor’s note which the debtor had purchased and was pleading in compensation. In Pattison et al. v. Edmonston et al., 4 La.Ann. 157, it was their judgment creditor’s own judgment which the judgment debtors had bought and successfully pleaded in compensation. In the very recent case of Hart v. Polizzotto, 171 La. 493, 131 So. 574, the Supreme Court held that a person, although only secondarily liable on a note which he had paid, could plead the same in compensation against a judgment rendered against him for costs of court. If the forms of obligation relied on in the cases referred to constituted debts equally liquidated and de-mandable with a judgment, it would seem that a bank check, which is an unconditional order to pay money and .constitutes an assignment of the funds it is drawn against the moment the bank is notified of the drawing, creates a debt which is as fully liquidated and demandable and is of equal dignity with the others.
“Compensation may be pleaded at every stage of the proceedings, provided it be specially pleaded, and it may be pleaded either in answer to the principal demand or claimed in a separate and distinct demand. Code of Practice, arts. 367, 368. In Pattison et al. v. Edmondston et al., cited supra, it was made the basis of an injunction, as in this case, to prevent the execution of a judgment against which it was being pleaded. * * * ”
See Succession of Gilmore, 157 La. 130, 102 So. 94, decided by the Supreme Court which was a suit to annul and set aside a judgment and in which the Court made the following statement:
“The main question submitted for consideration, under an exception of no cause of action, is whether the allegations in the petition, if taken as true, form a sufficient basis for an action of nullity under article 607 of the Code of Practice which provides that:
“ ‘A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in. whose favor it was rendered; as if he had obtained the same by bribing the judge or-the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment.’
“It is true that said petition does not charge ‘fraud’ or the ill practices specifically enumerated in the article of the Code of Practice above cited. The remedy given by said article to annul judgments, however, is not restrictive. The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect,, when the circumstances under which the judgment is rendered show the deprivation of legal -rights of the litigant who seeks relief, and when the enforcement- of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other state-s of this country in actions of this character. Lazarus v. McGuirk, 42 La.Ann. 200, 8 So. 253; City of New Orleans v. LeBourgeois, 50 La.Ann. [591], 592, 23 So. 542.
“Courts 'of equity will not permit one party to take advantage of and enjoy the gains of ignorance or mistake of law by the other, which he knew of and did not correct, especially when a confidential or fiduciary relation existed between them. Pomeroy, Equity Juris, vol. 2, Pars. 847, 848, 849, 956.”
See Vinson v. Piocala et al., La.App., 15 So.2d 778.
In the case of Termini v. McCormick, 208 La. 221, 23 So.2d page 52, 55, which was an action to set aside a judgment, Justice Hamiter as the organ of the Supreme Court made the following statement: “Of course, a court may order the vacating of a judgment where a person having the required interest alleges and proves sufficient grounds therefor, the power in thi-s respect -being predicated upon substantial principles of right and wrong and is to be exercised for the prevention of injury and the furtherance of justice. Since, however, the very purpose of having a j.udg *432 ment set aside is to reach a result different from that obtained originally, it is not sufficient, with reference to the stating-of a cause of action, for a plaintiff to make general allegations of irregularities and omissions; he must set forth in his petition, clearly and accurately, definite facts from which there can be drawn the conclusion that a reconsideration or the conducting of further proceedings will result in a different decree.”
While the petition before us is not one seeking to nullify the judgment nor to vacate the judgment, it is one seeking a credit as a set-off against the judgment itself in reduction and partial compensation thereof, and also a revision of the judgment in that respect, and it appears to us that on the face of the petition it would be “unconscientious and inequitable” under the ■ facts alleged in this petition to allow the enforcement of the judgment in full, and also that the petition in the present case clearly and outrightly sets forth "definite facts from which there can he drawn the conclusion that a reconsideration or the conducting of further proceedings will result in a different decree”. It is not equitable for the Star Shoe Company to collect the full amount of the judgment, sell 232 pairs of the shoes, give no credit o'n the judgment, and retain the other 160 pairs, and in effect, say “Come to Boston and file your suit against me.”
As to the exception to the citation, the trial court did not think it necessary to pass upon it. Counsel for Hendricks relies upon the case of Schultz v. Long Island Machinery & Equipment Co., La.App., 173 So. 569, 575, and particularly the statement made therein: * * The general, if not invariable rule, is that the benefits of a special plea or exception are waived unless action by the court thereon in limine is insisted upon. This is well established in our jurisprudence. * * * ”
Also, counsel for Star Shoe Company in his brief merely states that in plaintiff’s petition he filed exceptions of no cause or right of action and exception to the citation. There is no other mention made of the exception to the citation and it is, therefore, not urged on appeal.
It is therefore ordered that the judgment of the District Court be reversed and the exception of no' right or cause of action be overruled and the case remanded to the District Court