GLADNEY, Judge.
The plaintiffs herein sue upon a check for $1,875 signed by the defendant and given in connection with a transaction involving the sale of two lots. Following a trial on the merits, judgment was rendered in favor of plaintiffs and defendant has appealed.
The appellees, eleven in number, owners of property in David Sunset Drive, a subdivision in the City of Minden, Louisiana, through their agent, John T. David, Sr., sold and transferred to the defendant two lots located in the subdivision, for a cash consideration of $1,875, represented by a check for said amount, drawn by the defendant. At the time of the delivery of the check, December 1, 1956, the defendant requested David to hold up the cashing of the check until the defendant could arrange financing for the construction of a residence on the lots. On December 28, 1956, however, and without notification to David, Edwards conveyed the lots purchased by him to Jewell Shaw, who made out and gave to Edwards his check payable to John David for the sale price, this amount being the same as that involved in the prior sale from David to Edwards. Some few days later Mrs. Edwards presented the Shaw check to David with a request she be given the check of her husband in exchange for the Shaw check. This David declined to' do unless the defendant endorsed and guaranteed payment of Shaw’s check. Mrs. Edwards then, unqualifiedly endorsed her husband’s name upon the Shaw check and David handed to her the check of her husband which David had received in payment for the lots. Upon presentation, the Shaw check was not honored by the drawee bank and after several attempts by David and Edwards to have Shaw make payment thereof, David requested Edwards to take back the Shaw check and give him a personal check for the original price of the lots. This was done, as evidenced by the instrument sued upon, dated February 7, 1958, and signed by Edwards.
In pleading and argument, defendant seeks to avoid payment of the check, asserting that the exchange of the Shaw check for the original check given by the defendant constituted novation which released the defendant from his original obligation and substituted Shaw as plaintiffs’ debtor; that Mrs. Edwards in placing upon the check of Shaw the name of the de *830 fendant as an unqualified endorsement, was acting without any authority and the endorsement was void; that there was no consideration for the exchange by the defendant of his check dated February 7, 1958, for the check of Shaw bearing the endorsement M. W. Edwards; and finally, that the check herein sued upon was not given as evidence of an obligation but simply as an acknowledgment and receipt for the delivery of the Shaw check.
The evidence conclusively shows David refused to accept Shaw as his only debtor and release Edwards. This is evidenced by his requirement that the Shaw check be endorsed unqualifiedly by Edwards as a guarantee of the payment of the check so endorsed. Article 2192 of the LSA-Civil Code states:
“The delegation, by which a debtor gives to the creditor another debtor who obliges himself towards such creditor, does not operate a novation, unless the creditor has expressly declared that he intends to discharge his debtor who has made the delegation.”
It is well understood in business that the effect of an unqualified endorsement is to guarantee and warrant that on due presentment, if the check or negotiable instrument is dishonored, the endorsee will pay the amount due on the check to the holder. Thus, the effect of Edwards’ endorsement, if valid, guaranteed the payment of the Shaw note (See: LSA-R.S. 7:66), and to this extent the liability of Edwards continued.
Appellant’s contention that his wife was not authorized to place his name as endorsee on the reverse of the Shaw check is not borne out by the evidence. Unquestionably, we think Mrs. Edwards was directed and authorized by her husband to make the exchange of the Shaw check for Edwards’ own personal check. It is incredible Mrs. Edwards would make an appointment with David and complete the transaction as hereinabove disclosed without the consent and knowledge of her husband. Further, after the lapse of a year without objection to his wife’s use of his name he still made no protest when he secured the return of the Shaw check. Should we accept, however, the contention as being true, the invalidity of the endorsement would void the entire transaction and appellant would be under a strict obligation to return his own check and place the matter in its original status quo.
Another defense is that the check herein sued upon was given without consideration. The argument implies that the check of February 7, 1958, which although made in due form and signed by Edwards, who readily acknowledges his signature, was given simply as a receipt to David for the purpose of showing David delivered to him the Shaw check. It is pertinent to observe that if we should find merit in this defense, the defendant will wind up with possession of both the Shaw check containing his endorsement and his original check given in exchange for plaintiffs’ two lots, and the plaintiffs will have received nothing for their two lots. The argument, of course, is untenable. We cannot believe the defendant did not know what his responsibility was when he signed his name to the check, which is the basis of this suit. It is even more difficult to understand how one could sign his name in the place of the maker on a check which recites the payment to his creditor of $1,875, in the belief such words constituted simply an acknowledgment of the return of a check drawn by another person.
We are inclined to believe that further discussion of the legal issues involved could serve no good purpose. The trial court quickly arrived at the same conclusion as reflected herein, on the issues of fact as presented in the record, and rendered judgment in favor of the plaintiffs as prayed for.
The judgment from which appealed is correct and is affirmed at appellant’s cost.