AYRES, Judge.
This is an action tó recover judgment on three negotiable instruments and for recognition and enforcement of a pledge on certain described personal property. Two of the instruments sued upon consist of promissory notes executed and signed by defendant, payable to plaintiff, the first for $165.00 dated November 6, 1957, and the second for $323.50 dated February 18, 1958, and payable March 10, 1958. The third instrument is a check for $600.00 drawn by one Joseph R. Payne on the Bossier Bank & Trust Company May 19, 1956, payable to defendant and by her endorsed and negotiated to plaintiff March 24, 1957.
Defendant, in answer to plaintiff’s demands, admitted her execution and the signing of the aforesaid notes and the pledging of the property to secure the payment of the latter note but denied generally all allegations as to the check, its execution, endorsement or negotiation to plaintiff, or that she was indebted unto plaintiff for any amount whatever.
Plaintiff, at the beginning of trial, moved for and was granted a dismissal of its action so far as concerned the note for $165.00 for the reason the indebtedness formerly represented thereby had been merged with and incorporated in the $323.-50 note, in which sum judgment was rendered in favor of plaintiff and against the defendant, with interest and attorney’s fees, and recognizing plaintiff’s pledge. Plaintiff was denied recovery on the check. From the judgment thus rendered and signed, plaintiff has appealed. Defendant neither appealed nor answered plaintiff’s appeal; hence, only for consideration is the correctness vel non of the judgment rejecting plaintiff’s demands and denying recovery as to the check.
Pretermitting any discussion of the admissibility of the testimony, the conclusion is inescapable that defendant has neither made nor offered any meritorious defense to her endorsement of the check. She made no specific admission nor denial of her endorsement in the answer filed. On trial, however, she readily admitted her signature and endorsement of the check and its delivery, transfer and negotiation to plaintiff and the receipt of $600.00 therefor. These admissions and the testimony of Richard M. Davis, an official of plaintiff, clearly establish the negotiation of the check by defendant to plaintiff with her unconditional endorsement, for which she received full consideration.
Nor is there any basis for her contention that the $600.00 received from plaintiff corporation was involved in any transaction whereby she acquired stock in said corporation. She testified that the stock purchased was made with her own funds. The $600.00, according to the evidence, was used in buying stock in another corporation. Neither is there any merit in the contention that plaintiff purchased outright the Payne check. The evidence does not support the contention.
In David v. Edwards, La.App., 108 So.2d 828, 830, this court recently stated:
*831 “It is well understood in business that the effect of an unqualified endorsement is to guarantee and warrant that on due presentment, if the check or negotiable instrument is dishonored, the endorsee will pay the amount due on the check to the holder.”
In this connection see LSA-R.S. 7:66.
Nor is there any merit in the contention that the check had been dishonored by the drawee bank and payment declined because of insufficient funds prior to her endorsement and negotiation of the check to plaintiff. Where a note, check or bill is transferred after maturity, the transferee takes it subject to all the defenses that were available as between the original parties. Sliman v. Mahtook, 17 La.App. 635, 136 So. 749; O’Shee v. Pierce, 220 La. 313, 56 So.2d 559. However, there is neither contention nor proof in the instant case of the existence of any equities between defendant and Payne, the drawer of the check, nor of any defense that Payne may have in an action against him for the recovery on the note.
We think, therefore, the judgment erroneously rejected plaintiff’s demands for recovery on the check and should be amended to allow recovery.
For the reasons assigned, the judgment appealed is amended and recast to read as follows:
It is, therefore, Ordered, Adjudged and Decreed there be judgment herein in favor of plaintiff, International Investment & Securities, Inc., against the defendant, Louise R. Stinson, in the full sum of $323.-50, with 8 percent per annum interest thereon from March 10, 1958, until paid, together with 25 percent additional on principal and interest as attorney’s fees.
It is further Ordered, Adjudged and Decreed that plaintiff’s right of pledge as security for the payment of the aforesaid indebtedness be and the same is hereby recognized, maintained and ordered enforced, in accordance with law, upon the following described property:
One lady’s watch; Two diamond rings, and One wedding band.
It is further Ordered, Adjudged and Decreed there be further judgment herein in favor of the plaintiff, International Investment & Securities, Inc., against the defendant, Louise R. Stinson, for the full sum of $600.00, with 5 percent per annum interest thereon from March 24, 1957, until paid, and for all costs, including the cost of this appeal; and, as thus amended, the judgment appealed is affirmed.
Amended and affirmed.