GLADNEY, Judge.
This action is a sequel to that of Guillot v. Moore, La.App., 131 So.2d 533 (2d Cir. 1961) wherein this Court rendered a final judgment in favor of Guillot and against Moore in the sum of $4,224.21. In the instant suit Moore seeks to have the amount of the judgment declared extinguished through compensation by a monetary claim against Guillot for $4,378.10 which ensued from the application of funds of Moore to the payment of indebtedness of S. J. Guil-lot for material and supplies used in erecting a house for Moore. From the judgment declaring the two debts extinguished and compensated Guillot has appealed.
The salient facts may be briefly stated. On or about April 1, 1953 Moore and Guil-lot entered into a verbal contract under the terms of which Guillot agreed to erect a house on Lake Bistineau in Webster Parish for Moore upon certain terms. Moore made a deposit of $5,000 with Hardtner Lumber & Supply Company, Inc. to insure payment for building materials to be purchased by Guillot. After the completion of the work Moore contended that due to improper workmanship he had sustained damages. The dispute brought about the prior litigation. After the judgment therein in favor of Guillot for the sum of $4,-224.21 had become final Guillot refused to allow an offset and the instant action was then brought by Moore.
The established facts are: That Moore deposited the sum of $5,000 with Hardtner to insure payment of the bills by Guillot; that Guillot was indebted to Hardtner in the sum of $4,378.10 for materials so purchased and made no payments thereon; and that Hardtner on January 22, 1954 applied the sum of $4,378.10 from Moore’s deposit to liquidate the indebtedness of Guillot.
Appellant assigns error to the judgment of the trial court, first, that compensation occurred, and second, in overruling his plea of prescription.
It is argued by appellant that compensation did not take place between the two obligations as the debt of Guillot to Hardt-ner was prescribed before compensation occurred, citing as authority therefor the case of Georgia-Pacific Plywood Company v. Miller, La.App., 94 So.2d 531 (1st Cir. 1957). The cited case is inapposite for the reason the indebtedness pleaded by defendant in compensation was prescribed before *386 the indebtedness in favor of plaintiff arose. Forasmuch as the record indicates that Guillot’s account with Hardtner was paid on January 22, 1954, we find no basis for the application of the three years prescription against Moore or Hardtner.
It is further argued by appellant that compensation did not occur because the two debts were not equally demandable. This question was answered in Sliman v. Mahtook, 17 La.App. 635, 136 So. 749 (1st Cir. 1931) wherein Judge LeBlanc, as the organ of the court, said:
“ * * * Compensation is a form of payment which takes place by mere operation of law, without the knowledge of the debtor, and 'the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums.’ Civ. Code, arts. 2207, 2208; Caldwell v. Davis, 2 Mart. (N.S.) 135. Civil Code, art. 2210, further provides that it takes place ‘whatever be the causes of either of the debts.’ The law makes no distinction between the different forms of debt; the principal requirement being that they be ‘equally liquidated and demandable.’ Civ.Code, art. 2209. In Caldwell v. Davis, cited supra, it was the creditor’s note which the debtor had purchased and was pleading in compensation. In Pattison et al. v. Edmonston et al., 4 La.Ann. 157, it was their judgment creditor’s own judgment which the judgment debtors had bought and successfully pleaded in compensation. In the very recent case of Hart v. Polizzotto, 171 La. 493, 131 So. 574, the Supreme Court held that a person, although only secondarily liable on a note which he had paid, could plead the same in compensation against a judgment rendered against him for costs of court. If the forms of obligations relied on in the cases referred to constituted debts equally liquidated and demandable with a judgment, it would seem that a bank check, which is an unconditional order to pay money and constitutes an assignment of the funds it is drawn against the moment the bank is notified of the drawing, creates a debt which is as fully liquidated and demandable and is of equal dignity with the others.” [136 So. 749, 750]
Accordingly, our conclusion is that the ruling of the trial court discloses no reversible error as to the issue of compensation. The judgment likewise is clearly correct as to its rejection of the plea of prescription which is inapplicable in this case. The judgment is affirmed at appellant’s cost.