**McELROY v. PARRY et al.**

**No. 4736.**

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

Chandler & Chandler, of Shreveport, for appellants.

Isaac Abramson, of Shreveport, for appellee.

DREW, Judge.

Plaintiff alleged that he is engaged in the city of Shreveport, La., as an insurance bro- ker and agent under the trade-name of "McElroy Insurance Agency," and that between the dates of April 11, 1921, and February 24, 1931, was the duly authorized agent of the Niagara Fire Insurance Company and the Girard Fire & Marine Company; that as such agent from year to year he insured the dwelling of George and Robert Parry, with both companies, with the policies upon the dates, in the amounts, and for the premiums more specifically set forth in the itemized description of same annexed and made part by reference; that George and Robert Parry made certain payments on account, as appears by the annexed statement, but there is a balance due of $161.77 to petitioner which he is entitled to collect, having himself paid the premiums to the insurers; that George Parry has since died and his succession has been accepted unconditionally by his heirs in the following proportions: Thomas C. Parry, 9/40; Robert Parry, 9/40; Mattie Parry Williams, 9/40; Cora V. Parry Jelks, 9/40; and Louisa E. Tiggs, 4/40. He prayed for judgment against the defendants in the following proportions: Thomas C. Parry, 9/80; Robert Parry, 49/80; Mattie Parry Williams, 9/80; Cora V. Parry Jelks, 9/80; and Louisa E. Tiggs, 4/80.

Defendants filed a plea of three years' prescription against all of the account, except the last item, which was the premium due on policy Girard No. W—2, which amounted to $4. Defendants then answered denying all the material allegations of the petition, and further answering, aver that on October 5, 1925, they made a payment of $2.10 to plaintiff, and at that time the balance due was $33.65, all of which is shown by attached receipt.

The plea of prescription and the case on its merits were tried the same day, and the lower court rendered judgment for plaintiff as prayed for. Defendants have prosecuted this appeal.

Plaintiff alleged in the petition that defendants were jointly liable, which is correct, if they are liable at all. He also alleged that George Parry died on May 16, 1933. We mention these facts due to the claim of plaintiff that the deceased, George Parry, orally admitted the indebtedness before his death.

The last payment made by defendants was on February 18, 1930. This suit was filed March 28, 1933. There were three premiums charged to defendants after the last payment, viz.: October 1, 1930, $21.70; December 3; 1930, $10.85; and February 24, 1931, $4.

These last three premiums were charged to defendants within the three years previous to filing the suit. Therefore, if the three-year prescription is applicable to the case, all of the account has prescribed, except the amount of premiums due on these last three policies, as nothing was paid on the account for more than three years prior to the filing of the suit.

■■ We think there was never an acknowledgment of the correctness of the account by the deceased, George Parry, for the reason that every time he was approached about the account, he claimed he was entitled to a credit of something over $106.07. Furthermore, the defendants not being solidarily liable, the acknowledgment of one would not be binding on the other; and further, the proof of oral acknowledgment of a debt by a deceased person is valueless and is not sanctioned by law. Article 2278, Rev. Civ. Code.

■ The evidence is conclusive that George Parry attended to the business and that Robert had little, if anything, to say, and it is not shown that Robert Parry ever acknowledged the correctness of the account. We therefore find that there was no interruption of prescription by acknowledgment on the part of defendants.

We might say here that plaintiff proved the delivery of the insurance and that the premiums charged, as shown on the itemized statement, are correct.

■ Having stated the facts as we find them, it is now necessary to determine if the prescription of three years or ten years is applicable to this case. Plaintiff issued the policies as agent of the insurance companies and was required within a certain time to pay the insurance companies the premiums. He did this, and, of his own volition, extended credit to defendants. The insurance companies were not concerned with the collections made by its agent, and after its agent had extended credit, the insurance companies could not have canceled the policies during the term stated in the policies. Each policy when issued was a separate contract between the insurer and the insured, and the policy itself was the best evidence of the contract and the amount due thereunder. We think it clear that under said written contract, the insurer could have sued and recovered, provided it had filed suit within ten years after the premium was due, and that the prescription of three years would not have been a bar to said action. When insurer's agent, plaintiff

herein, paid to insurer the amount of the premiums due under each policy by the insured, he became subrogated to all the rights of the insurer. It therefore follows that the plea of prescription of three years is not applicable here and was properly overruled by the lower court.

■ The only defense to the suit on its merits is a receipt filed by defendants, dated October 5, 1925, signed by plaintiff, on which receipt there is the notation, "balance due, $33.65." Plaintiff contends in this suit there was due at that time $139.72, and in giving the receipt, he allowed a credit of $106.07 which defendants claimed had been paid to one Gus Klein, for which he claimed he had a receipt and would produce. The receipt was never produced. Gus Klein was not in plaintiff's employ and the money was never received by plaintiff. In reply to the question by the court as to whether or not the receipt reflected the true status of the affair at that time, plaintiff replied:

"A. If the $106.07 he claimed he paid Gus Klein had been paid, if we had received all the money we should have, that was the correct amount. They have claimed all the time that they had these receipts. I have never seen them. He wanted to know the balance that would be due if this amount had been paid."

And the following questions and answers:

"Q. Have you ever received any money on this account except as shown by the credits on the statement attached to the record in this case? A. I have not.

"Q. Could you possibly have received it and it not show on this detailed statement? A. I could not. It would have to be there."

There is nothing in the record to contradict this testimony and in no way is it shown that the $106.07 was ever paid by defendants or received by plaintiff. It was certainly poor business on the part of plaintiff to issue a receipt for money he had not received, but his explanation of same, which is uncontradicted, must be accepted as true. The receipt itself is for only $2.10, the balance due being in parenthesis thereunder. The situation might have been different had the receipt been for the $106.07. It likewise would have been different if defendants had produced Mr. Klein as a witness to show he had been paid the money, or if they had offered in evidence the receipt they claim Mr. Klein gave them for the money. They did neither, and relied solely on the receipt from plaintiff, and we think plaintiff's testimony clearly explains it

and shows the true condition of affairs at the time the receipt was given.

It therefore follows that the judgment of the lower court is correct, and is affirmed with costs.