CALHOUN & BARNES, Inc., v. EPSTEIN LAND & IMPROVEMENT CO., Inc., et al.*

No. 16213.

Court of Appeal of Louisiana. Orleans.

Feb. 10, 1936.

Prowell & McBride, of New Orleans, for appellants.

Matthew A. Grace and John M. Culver, both of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff is a corporation engaged in business in New Orleans as insurance agent and broker. It alleges that at the solicitation of defendant, Epstein Land & Improvement Company, Inc., it obtained from insurance companies which it represents policies of insurance and that of the premiums charged on the said policies there is an unpaid balance of $235.21. It further alleges that these policies were indorsed and assigned to the Malvina Realty Company, Inc., and that, accordingly, the said company is liable solidarily with Epstein Land & Improvement Company, Inc., for the amount of the said balance. It attaches to its petition a statement of the account showing the balance due, and it prays for judgment against both defendants for the amount of the said balance. Exceptions of vagueness were overruled, and both defendants filed an answer in which they denied specifically all of the allegations of the petition.

There was judgment for plaintiff against both defendants, and they have appealed.

The president of plaintiff company testified as to the correctness of the account, and there was no evidence to the contrary, but there was then filed a plea of prescription of three years under article 3538 of the Civil Code, defendants contending that the suit is one on an account by reason of the fact that there is attached to the petition a statement of the account showing the various policies issued and showing the balance due. Plaintiff, however, contends that the prescription of three years is not applicable, and that the claim would prescribe only at the expiration of ten years. Article 3544 of the Civil Code.

During the course of the trial and before the plea of prescription was filed the president of plaintiff corporation had testified that his company was liable to the various insurance companies for the amounts of the premiums and that, when defendant companies had not paid them, it became the legal duty of his company to make payments and that this had been done, and he testified that as a result his company had been subrogated to the rights of the insurance companies. It is thus contended that, even if the suit originally was one on open account, it has been converted now into a suit for insurance premiums by reason of the fact that there has been introduced, without objection, evidence showing that the various insurance companies have by legal subrogation transferred to plaintiff the claims which they had for insurance premiums against defendants.

It is asserted, however, by defendants that no such subrogation resulted as a matter of right, and that there should have been written subrogations executed at the time of the respective payments.

The sole question presented on this issue then is whether or not the payments by plaintiff company to the insurance companies of the amounts due by defendants effected as a matter of right subrogations in favor of plaintiff company.

Civil Code, art. 2161 reads in part as follows:

"Subrogation takes place of right: * * *

"3. For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it."

Plaintiff company contends that it was bound to its principals, the respective insurance companies, for the payment of these premiums if defendants did not make payment and that, therefore, it was bound "for others, for the payment of the debt," and that, therefore, it "had an interest in discharging it."

Since there is no evidence to contradict the fact that plaintiff was secondarily liable to the companies for the payment of the respective premiums, we must accept as true the statement of plaintiff that it was so liable, and we find that in Hart v. Polizzotto, 171 La. 493, 494, 131 So. 574, 575, the Supreme Court considered the

question of whether or not payment by one secondarily liable, of a debt due by another, effects a subrogation in favor of the payer as against the primary obligor. In that case the Supreme Court said:

"Suffice it to say that the facts, as found by us in the case, and as shown by the former record and by this, are that defendant was only secondarily liable on said note, and paid it with his own money.

"He was therefore subrogated to the rights of the holder thereof. R.C.C. art. 2161(3)."

That appears to us to be exactly the situation here. Plaintiff, though only secondarily liable, paid the debt. It, therefore, became subrogated as a matter of right.

We find that the exact contention which is presented here was considered and discussed by the Court of Appeal for the Second Circuit in McElroy v. Parry, 152 So. 793, 794, in which the court said: "Having stated the facts as we find them, it is now necessary to determine if the prescription of three years or ten years is applicable to this case. Plaintiff issued the policies as agent of the insurance companies and was required within a certain time to pay the insurance companies the premiums. He did this, and, of his own volition, extended credit to defendants. The insurance companies were not concerned with the collections made by its agent, and after its agent had extended credit, the insurance companies could not have canceled the policies during the term stated in the policies. Each policy when issued was a separate contract between the insurer and the insured, and the policy itself was the best evidence of the contract and the amount due thereunder. We think it clear that under said written contract, the insurer could have sued and recovered, provided it had filed suit within ten years after the premium was due, and that the prescription of three years would not have been a bar to said action. When insurer's agent, plaintiff herein, paid to insurer the amount of the premiums due under each policy by the insured, he became subrogated to all the rights of the insurer. It therefore follows that the plea of prescription of three years is not applicable here and was properly overruled by the lower court."

Defendants further contend that even if the subrogation took place as a matter of right, it was effective only to the extent of the actual payments made by the plaintiff to the various companies. But there is in the record no evidence contradictory of that given on behalf of plaintiff which is to the effect that the amount sued for is the same amount which was paid by plaintiff to the various companies.

■ It is additionally contended on behalf of Malvina Realty Company, Inc., that there is no evidence in the record which will sustain a judgment against it. The record shows that this company was organized for the purpose of taking over from the Epstein Land & Improvement Company, Inc., a large number of pieces of real estate and that Mr. Charles Epstein is the president of the Malvina Company. The president of plaintiff company testified that Mr. Epstein, the president of the Malvina Company, had stated to him that on behalf of that company he had agreed to pay for these policies. This evidence was objected to on the ground that the agreement was not in writing, and this objection was sustained. We believe this ruling was incorrect. There was no necessity that the agreement of Mr. Epstein as president of the Malvina Company should be in writing. It was not the agreement to pay the debt of some one else. When the Malvina Realty Company took over all of the properties and then agreed to pay the insurance premiums due thereon, the debt became its debt, and was no longer the debt of the Epstein Company. While it is true that there is no definite evidence to show that the real estate which the Malvina Company took over from the Epstein Company were the particular properties involved in the insurance transactions, still, in view of the showing that the Malvina Company took over so many properties from the Epstein Company, and in view of the testimony that Mr. Epstein had agreed on behalf of the Malvina Company to pay the premiums, we think that there should have been evidence to the contrary by the Malvina Company if, as a matter of fact, the premiums involved are not those in the real estate transferred to the Malvina Company.

We conclude that the judgment appealed from is correct.

It is ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellants.

Affirmed.