73 So.2d 6 (1954)
GREAT AMERICAN INDEMNITY CO.
v.
LAIRD.
No. 8170.
Court of Appeal of Louisiana, Second Circuit.
May 26, 1954.
Stafford & Pitts, Alexandria, for appellant.
*7 Polk & Culpepper, Alexandria, for appellee.
HARDY, Justice.
Plaintiff brought this suit for the recovery of unpaid premiums on a lien bond which it had executed as surety for an ordinary partnership of which defendant was one of the two members. Alleging the dissolution and liquidation of the partnership affairs plaintiff sued this defendant only to the extent of his undivided one-half, further alleging that the other member of the partnership had previously paid his proportionate share. Defendant filed a plea of prescription of one, two and three years. Subsequent to the filing of this plea an amended petition was filed and allowed, which pleading made the representation, inter alia, that the bond in question issued subsequent to an application executed by one of the members of the partnership and contained an agreement to pay plaintiff the annual premium so long as same should be received by plaintiff and until final liability on the bond had been determined.
On these pleadings the matter was heard and considered by the district judge, who sustained defendant's plea of prescription and ordered plaintiff's suit dismissed. From this judgment plaintiff has appealed.
On November 16, 1945, written application was made to plaintiff, Great American Indemnity Company, for the issuance of a court bond in the principal amount of $27,000. The application was made in the name of Midwest Construction Company, a partnership engaged in the business of general contracting, composed of T. O. Wells and Martin L. Laird, Jr., the defendant in this case, and the application was signed by T. O. Wells. The bond issued and the annual premium of $270 was paid for the years beginning November 16, 1945, and November 16, 1946. The premiums for 1947, 1948 and 1949 were not paid. Final liability under the bond was determined during the year 1950, which liability was fully discharged by plaintiff and the bond cancelled. The partnership was finally and completely liquidated and the assets were equally divided between the partners. Plaintiff claims the value of the unpaid premiums for the three years in the aggregate sum of $810. One-half of this amount was paid to plaintiff by T. O. Wells and this suit seeks the recovery of the remaining one-half, that is $405, from defendant. All these facts appear from the allegations of plaintiff's original and supplemental petitions.
Concededly the resolution of the question presented by this appeal rests upon a determination of the applicability of the prescriptive period either under LSA-Civil Code Article 3538 or LSA-Civil Code Article 3544.
In support of defendant's reliance upon the provision of Article 3538 it is urged that this is a suit on account, evidenced by the fact that an itemized statement of account addressed to the Mid-State Construction Company was made a part of plaintiff's original petition, which statement represented the amount due as follows:

"11/16/47 annual premium $270.00
 11/16/48 annual premium 270.00
 11/16/49 annual premium 270.00
 Total $810.00"

Counsel for defendant argue that, under definitions and authorities cited, this suit is an action on account which is regulated by the provisions of LSA-Civil Code Article 3538, reading in part as follows:
"The following actions are prescribed by three years;

* * * * * *
"That on all other accounts."
Conversely it is urged on behalf of the plaintiff that this action falls under the provisions of LSA-Civil Code Article 3544 which reads as follows:
"In general, all personal actions, except those before enumerated, are prescribed by ten years."
In support of their argument counsel for defendant insist that the prescription fixed *8 by Article 3538 applies to "all accounts stated or rendered and verbally and tacitly acknowledged, as well as to open accounts not so acknowledged", citing Sleet v. Sleet, 109 La. 302, 33 So. 322.
Learned counsel appears to concede that plaintiff's claim would be removed from the effect of Article 3538 if the account or obligation had been acknowledged or assumed in writing, but attacks the applicability of White Bros. Co. v. Shinn, La.App., 160 So. 823, and Louisiana Sports Service, Inc. v. Monsour, La.App., 59 So.2d 499, on the ground that the document in the instant case (the application to plaintiff for the issuance of a bond) did not constitute a definite and specific commitment to pay. This argument is amplified by reference to the body of the application where the obligation of the signer thereof is specified as being "* * * to pay to the Company $____ annually in advance so long as the Company shall consent to receive it, and until the Company shall have received evidence satisfactory to it of the termination of all future liability thereunder." Counsel contends, first, that the execution of the application was not binding upon this defendant because it was not signed by him, and, second, that the obligation as above recited was not binding even upon Wells, the signer, since it did not obligate him to pay any specific amount.
We pretermit discussion of the first proposition on the ground that it is completely untenable and we do not believe it was seriously urged. It is quite evident that Wells in making the application was acting for the partnership and the conclusion is inescapable that the partnership received the benefits provided by the bond issued in response to the application, and certainly, it acknowledged its acceptance by the payment of the premiums in 1945 and 1946.
For a number of reasons neither do we think the second objection holds any merit. Notwithstanding the omission of the amount of the annual premium in the above-quoted provision of the application, it is noted that the application contains the fixing of total liability of the bond in the sum of $27,000, and the premium therefor in the sum of $270. Further, as we have above observed, the annual premiums for two years, in the sum of $270 each, were paid by the partnership. The conclusion necessarily follows that the application evidences a written contract and agreement for the payment of annual premiums by the partnership to the plaintiff, who was surety on the bond provided.
While we think that the above should serve to effectively dispose of the issue involved, we are moved to provide additional substantiation of our conclusion by referring to what appears to us to be an established principle that payment of insurance premiums, and, as would reasonably follow therefore, premiums on surety bonds, are subject only to the prescription provided for personal actions under the express provisions of Article 3544. This principle was declared by this court in McElroy v. Parry, La.App., 152 So. 793, 794. The suit sought recovery by plaintiff, an insurance broker and agent, of premiums earned but unpaid on policies of insurance issued by companies represented by plaintiff. The facts of the case showed that plaintiff had made payments of the amounts of the premiums, less commissions, to the companies it represented. The court, confronted with the necessity of deciding between the prescription of three and ten years, disposed of the matter in these words:
"Having stated the facts as we find them, it is now necessary to determine if the prescription of three years or ten years is applicable to this case. Plaintiff issued the policies as agent of the insurance companies and was required within a certain time to pay the insurance companies the premiums. He did this, and, of his own volition, extended credit to defendants. The insurance companies were not concerned with the collections made by its agent, and after its agent had extended credit, the insurance companies could not have canceled the policies during the term stated in the policies. Each policy when issued was a separate contract between the insurer and *9 the insured, and the policy itself was the best evidence of the contract and the amount due thereunder. We think it clear that under said written contract, the insurer could have sued and recovered, provided it had filed suit within ten years after the premium was due, and that the prescription of three years would not have been a bar to said action. When insurer's agent, plaintiff herein, paid to insurer the amount of the premiums due under each policy by the insured, he became subrogated to all the rights of the insurer. It therefore follows that the plea of prescription of three years is not applicable here and was properly overruled by the lower court." (Emphasis supplied.)
The above quotation was incorporated in the opinion, and the holding was accepted and approved by the opinion of Judge Janvier of the Orleans Court in Calhoun & Barnes, Inc. v. Epstein Land & Improvement Co., Inc., La.App., 165 So. 539.
While both of the above cases involved the question of subrogation, a factor with which we are not here concerned, it is indisputable that the subrogee possessed rights neither greater nor less than those of the subrogor, who, in each instance, was the insurer.
We think it is clear that the obligation in this case was personal and therefore does not fall under the prescriptive rules applicable to accounts, and this conclusion we think to be evident whether or not the written application should be considered.
For the reasons assigned the judgment appealed from is reversed and set aside and it is now ordered that the defendants' plea of prescription be and it is hereby overruled and this cause is remanded to the Honorable the Tenth Judicial District Court in and for the Parish of Natchitoches, State of Louisiana, for further proceedings. Costs of this appeal are taxed against defendant-appellee and all other costs shall be fixed following final determination.