HALL, Judge.
Plaintiff sued defendant for $355.76 balance due on an open account for insurance premiums. The itemized account sued on shows charges covering a period from December 9, 1955 to December 9, 1958, and lists certain payments made by defendant. Defendant answered denying any indebtedness to plaintiff and in the alternative specially pled the prescription of three years under the provisions of LSA-C.C. Art. 3538. Following trial on the merits judgment was rendered in plaintiff’s favor as prayed. Defendant appealed.
Plaintiff’s suit was filed January 26, 1962 and since the last charge shown on the account is dated December 9, 1958 the account is prescribed unless two payments made by defendant on January 29, 1959 served to interrupt the running of prescription.
The principal issue on appeal is whether the two payments should be credited to the account generally as contended by plaintiff or whether they should be credited to the payment of two specific invoices as contended by defendant.
*217 The record reveals that on January 26, 1959 defendant issued two checks payable to plaintiff’s order, one for $211.52 and one for $32.00 and mailed them to plaintiff who received them on January 29, 1959. The checks were issued in payment of two hills which defendant had received from plaintiff, and the two bills were stamped “paid” by plaintiff’s clerk and returned to defendant. One of the receipted bills was for $211.52 covering the premium due on a certain public liability policy numbered FKJ-4070292 dated 10/3/58 and the other was for $32.00 covering the premium due on a certain fire policy numbered 79489 dated 10/9/58. The premiums-due on these two policies correspond with the last two items of charges carried on the account sued upon. Neither of the receipted bills which were receipted by plaintiff’s office reflects any balance due on open account or any other indebtedness of defendant to plaintiff.
Defendant testified that plaintiff sent him the two bills and he paid them. In making the payments, defendant evidently returned the bills with his checks in payment since the receipted bills appear to be originals and not copies. Plaintiff does not deny that the bills were sent out by his office but claims that his clerk made an error in not including in the bills the balance due on open account. He contends that his practice was to show the balance due on open account on every bill sent plaintiff, that he never billed plaintiff for specific premiums, and that he uniformly applied all payments made to the oldest debt on the account.
Whatever plaintiff’s general practice was the fact remains that in this instance defendant was billed for two specific premiums and not for a balance due on open account, and the fact remains that defendant paid the two bills by two separate checks, clearly showing his intention to pay these specific items only. This he had a right to do. (See LSA-C.C. Art. 2163) There was no intention on defendant’s part to make a partial payment on open account which would have interrupted the running of prescription. See Cohen v. Toy, 150 So.2d 605. See also Grand Isle Shipyard Inc. v. St. Pierre, 163 So.2d 132.
Furthermore plaintiff’s receipts establish a prima facie imputation of the payments to the two specific premiums. Romero & Sons Lumber Company v. Babineaux, La.App., 151 So.2d 714.
Defendant denied the correctness of the open account, and we are of the opinion that the two payments made by him did not constitute an acknowledgment of any indebtedness on open account and did not interrupt the running of prescription thereon.
For the foregoing reasons the defendant’s plea of prescription is maintained and the judgment appealed from is reversed and plaintiff’s suit is dismissed, costs of both courts to be borne by plaintiff.
Reversed and rendered.