HALL, Judge.
Vincent R. Perrin, Jr. brought suit against Wilbur A. Saunders in the First City Court for the City of New Orleans seeking judgment for $455.89 plus interest and costs.
Mr. Vincent’s petition consists of three paragraphs only. In paragraph 1 he alleges that Mr. Saunders is indebted to him in the amount of $455.89. Paragraphs 2 and 3 of the petition read as follows:
-2-
“During the period from August 9, 1961 to May 17, 1964 plaintiff sold and delivered unto defendant, on account, various insurance policies of the Maryland Casualty Company, as evidenced by copy of statement attached hereto and made part hereof, in the amount of $460.03, on which a credit was given in the amount of $4.14 leaving the present balance for which this suit is brought of $455.89.”
-3-
“Defendant has not paid the $455.89 balance ■ due despite amicable demand by petitioner as well as his counsel óf record and the balance is correct.”
*556 The statement referred to in the petition and attached thereto is headed “Monthly Statement Black-Rogers & Co., Agents Inc." (emphasis supplied). It is addressed to defendant and lists various policies of insurance by number, shows the dates of their issuance, the premiums charged therefor and the balance due.
Defendant filed an answer denying all of the allegations of plaintiff’s petition, and a plea of prescription of three years as to all of the items appearing on the statement of account except the final item of $120.40.
No evidence was taken when the case was called for trial. Instead the parties entered into a stipulation for the purposes of the exception of prescription that the policies in question were all issued within ten years prior to suit and that of the $455.89 balance sued upon, the item of $120.40 was due for a policy issued within three years prior to the date of suit.
Thereupon the matter was submitted to the Court for adjudication without any evidence being taken as aforesaid.
The Trial Judge rendered judgment maintaining the prescription of three years and dismissed plaintiff’s suit as to all items on the account except the final item of $120.40. Plaintiff was awarded judgment against defendant for the amount of this item “considering the stipulation and consent of the attorney’s herein.” [1] Plaintiff appealed.
The sole issue the parties presented to this Court for adjudication is which period of prescription is applicable to items for insurance premiums contained in an account: the three year prescription on accounts provided by LSA-C.C. Art. 3538, or the general prescription of ten years on personal actions provided by LSA-C.C. Art. 3544?
Plaintiff-appellant contends that the ten year prescription is applicable to insurance premiums while defendant-appellee contends that the account sued on is governed by the three year prescription.
Plaintiff-appellant cites and relies principally on the decisions in McElroy v. Parry, La.App., 152 So. 793 and Calhoun & Barnes Inc. v. Epstein Land & Improvement Co., Inc., La.App., 165 So. 539. In each of these cases the testimony showed that the plaintiffs were general insurance agents and brokers who issued the policies as agents of insurance companies and by virtue of their agreements with such companies were liable to the companies for the premiums and required to pay the companies therefor within a certain time limit regardless of any credit the agents might have extended to the policyholders. The Courts in each of these cases held that each policy when issued was a separate contract between the insurer and the insured and that the insurer could have sued and recovered the premium therefor from the policyholder at anytime within ten years after the premium was due. The Courts then reasoned that since the agent became subrogated to all of the insurer’s rights against the insured upon payment by the agent of the premium due to the insurer it followed that the prescription of ten years instead of three years was applicable to the agent’s suit against the insured for reimbursement of the amount paid for his account.
However the doctrine of the cited cases cannot be applied to this case as it is presently presented to us because there is no allegation or showing of any connection or relationship whatever between plaintiff and Maryland Casualty Company, the alleged insurer. More particularly there is nothing in the record from which any inference could possibly be drawn that plaintiff became subrogated in any manner to Mary *557 land’s right to collect the premiums sued for.
As a matter of fact we feel obliged in this case to take notice (as we are permitted to do by LSA-C.C.P. Art. 927) that plaintiff’s petition as presently drawn does not state a right of action against defendant. Apparently the account sued on is not an account between plaintiff and defendant but an account between defendant and Black-Rogers & Co. Agents, Inc. and there is nothing in plaintiff’s petition which shows the existence of any connection or relationship between plaintiff and that corporation. Premiums on insurance policies are primarily due by the insured to the insurer and the mere allegation that plaintiff sold and delivered the policies to defendant does not tend to show any indebtedness by defendant to plaintiff nor does it disclose any right of action on plaintiff’s part to sue therefor.
Since it is possible that plaintiff may have a right of action against defendant and since he may possibly have a right of subrogation to the insurer’s right to collect the premiums from defendant, we are of the opinion that the interests of justice would best be served by decreeing that plaintiff’s petition as presently drawn does not disclose a right of action and permitting him to amend, rather than by dismissing his suit out of hand.
For the foregoing reasons the judgment appealed from is annulled except as to the item of $120.40 which has been paid by defendant, and judgment is now rendered decreeing that plaintiff’s petition does not disclose a right of action against defendant, and further decreeing that plaintiff shall have leave to amend his petition within twenty days from the finality of this judgment; and the cause is now remanded to the Trial Court for further proceedings according to law with instructions to dismiss plaintiff’s suit in the event his pleadings are not timely amended in accordance herewith. Costs of this appeal shall be borne by plaintiff-appellant, all other costs are to await final disposition of the cause.
Judgment annulled in part and rendered. Case remanded with instructions.

. Although the record before us reveals no such “stipulation and consent,” we are informed that this item is no longer in controversy, defendant having paid plaintiff the amount thereof following rendition of the judgment.