205 So.2d 193 (1967)
R. W. CALVERT, d/b/a Fred Morgan Insurance Agency, Plaintiff-Appellee,
v.
Joel L. HARPER, Defendant-Appellant.
No. 10892.
Court of Appeal of Louisiana, Second Circuit.
November 28, 1967.
Rehearing Denied January 11, 1968.
*194 Boles, Talley & Ryan, Monroe, Warren Hunt, Rayville, for appellant.
Theo J. Coenen III, Rayville, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
R. W. Calvert, an insurance agent, filed this suit on December 28, 1966 against Joel L. Harper to recover the sum of $2,672.82 for insurance premiums which had accumulated during business dealings between the parties. The action was met with a plea of prescription of three years filed under Civil Code Article 3538 which was overruled and judgment rendered in favor of the plaintiff as prayed for, the court holding in effect that the demand is in the nature of a personal action to recover money and is governed by the 10 year prescription prescribed by Article 3544 of the Civil Code. The defendant has appealed.
For the purpose of establishing his claim plaintiff produced a statement listing his insurance transactions with the defendant; information as to the identity of each policy, its date, the risk involved, and the amount of the premium. Calvert testified that as agent for the insurer it was his responsibility to see that the claims were properly handled, the premiums paid, and that the contract was kept in force; and that the insuring company was without authority to cancel the policy for nonpayment of the premium after he had advanced the amount of the premium due the company. He extended credit for the premiums so advanced and in turn billed these items to Harper. The indebtedness sued upon disclosed that the last payment made by the insured was on July 12, 1963, more than three years prior to the institution of this suit.
Appellant urges on the appeal that the trial court erred in not sustaining the three year prescription under Article 3538 of the Civil Code, and further, that it erred in admitting evidence beyond the scope of the pleadings pertinent to the right of appellee to subrogation. As a result of the conclusions reached herein, it is our opinion that the errors so assigned are without merit.
It has been recognized in the following authorities that the payment of insurance premiums are subject only to the 10 year prescription provided for personal actions. McElroy v. Parry, La.App., 152 So. 793 (2nd Cir. 1934); Calhoun & Barnes v. Epstein Land & Improvement Company, La.App., 165 So. 539 (Orl.1936); Great American Indemnity Company v. Laird, La. App., 73 So.2d 6 (2nd Cir. 1954).
This court in McElroy v. Parry, supra, said:
"Having stated the facts as we find them, it is now necessary to determine if the prescription of three years or ten years is applicable to this case. Plaintiff issued the policies as agent of the insurance companies and was required within a certain time to pay the insurance companies the premiums. He did this, and, of his own volition, extended credit to defendants. The insurance companies were not concerned with the collections made by its agent, and after its agent had extended credit, the insurance companies could not have canceled the policies during the term stated in the policies.

*195 Each policy when issued was a separate contract between the insurer and the insured, and the policy itself was the best evidence of the contract and the amount due thereunder. We think it clear that under said written contract, the insurer could have sued and recovered, provided it had filed suit within ten years after the premium was due, and that the prescription of three years would not have been a bar to said action. When insurer's agent, plaintiff herein, paid to insurer the amount of the premiums due under each policy by the insured, he became subrogated to all the rights of the insurer. It therefore follows that the plea of prescription of three years is not applicable here and was properly overruled by the lower court." 152 So. 793, 794.
In Calhoun & Barnes v. Epstein Land & Improvement Company, supra, Judge Janvier commented on the question of whether such payments by the agent to the insurance companies effected subrogation as a matter of right, saying:
"Civil Code, art. 2161 reads in part as follows:
`Subrogation takes place of right: * * 3. For the benefit of him, who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it.'
"Plaintiff company contends that it was bound to its principals, the respective insurance companies, for the payment of these premiums if defendants did not make payment and that, therefore, it was bound `for others, for the payment of the debt,' and that, therefore, it `had an interest in discharging it.'
"Since there is no evidence to contradict the fact that plaintiff was secondarily liable to the companies for the payment of the respective premiums, we must accept as true the statement of plaintiff that it was so liable, and we find that in Hart v. Polizzotto, 171 La. 493, 494, 131 So. 574, 575, the Supreme Court considered the question of whether or not payment by one secondarily liable, of a debt due by another, effects a subrogation in favor of the payer as against the primary obligor. In that case the Supreme Court said:
`Suffice it to say that the facts, as found by us in the case, and as shown by the former record and by this, are that defendant was only secondarily liable on said note, and paid it with his own money.
`He was therefore subrogated to the rights of the holder thereof. R.C.C. art. 2161(3).'
"That appears to us to be exactly the situation here. Plaintiff, though only secondarily liable, paid the debt. It, therefore, became subrogated as a matter of right." 165 So. 539, 540, 541.
This court in Great American Indemnity Company v. Laird, supra, approved the rulings in McElroy v. Parry and Calhoun & Barnes v. Epstein Land & Improvement Company, supra. Therein we held that an action brought by an agent for the payments of premiums on surety bonds was a personal action subject only to the 10 year prescription. Counsel for appellant relies upon the recent case of LeBoeuf v. Riera, La.App., 176 So.2d 216 (4th Cir. 1965). The holding in this case is contrary to the views expressed hereinabove, and we prefer to follow the jurisdictional pronouncement found in Great American Indemnity Company v. Laird, McElroy v. Parry, and Calhoun & Barns v. Epstein Land & Improvement Company, supra.
It is our conclusion that the demand of the plaintiff is in the nature of a personal action prescribed only by the 10 year liberative prescription provided under LSA-C. C. Article 3544.
Consistent with the views so stated, the judgment appealed is affirmed at appellant's cost.