HALL, Judge.
Plaintiff sued defendant for $132.24 representing the “balance due on insurance premiums advanced.” Although plaintiff’s petition makes no allegation to that effect we assume from the briefs and arguments of counsel that plaintiff corporation is an insurance agency.
The petition makes the following allegations :
“2.
“That pursuant to an agreement with petitioner and certain insurance companies and pursuant to an agreement with petitioner and defendant, petitioner advanced funds necessary to pay premiums on insurance policies.
“3.
“That the transactions between petitioner and the defendant can be more fully seen by reference to the attached record, showing the type of insurance policy, the premiums thereof and the amount and date of payments, which is attached hereto and made a part hereof, as if copied in extenso.”
The account annexed to the petition shows that the last transaction between the parties was in August of 1959. Suit was not filed until November 22, 1967.
Defendant filed a plea of prescription of three years under the provision of LSA-C.C. Art. 3538 relative to open accounts, and at the same time filed an answer in which he denied all and singular the allegations of plaintiff’s petition.
Thereafter plaintiff filed a motion for summary judgment together with an affidavit in support thereof. The motion for summary judgment was fixed for hearing on March 1, 1968.
The Trial Judge rendered judgment on March 1, 1968 and although the preamble thereto contains a recitation that the case came up for trial both on plaintiff’s motion for summary judgment and on defendant’s exception of prescription, the judgment contains no ruling on the motion for summary judgment but is confined to a ruling on the exception of prescription. No judgment has ever been rendered on the motion for summary judgment.
The judgment as rendered maintained defendant’s plea of prescription of three years and dismissed plaintiff’s suit at its cost. Plaintiff appealed.
Plaintiff contends on appeal t.hat the three year prescription of LSA-C.C. Art. 3538 dealing with open accounts has no application to a suit by an insurance agent for insurance premiums advanced for account of an insured; that the only prescription applicable to such suits is the general prescription of ten years provided in LSA-C.C. Art. 3544, citing McElroy v. Parry, La.App., 152 So. 793; Calhoun & Barnes, Inc. v. Epstein Land & Improvement Co., Inc., La.App., 165 So. 539; and Great American Indemnity Co. v. Laird, La.App., 73 So.2d 6.
The cases cited by plaintiff stand for the proposition that where an insurance agent is liable to the insurer for the payment of premiums on policies issued by him as agent for the insurer and pays such premiums to the insurer, the agent becomes subrogated under the provisions of LSA-C.C. Art. 2161(3), to all the rights of the insurer against the insured with respect thereto. The cases further hold that since the rights of the insurer to collect premiums from the insured are governed by the prescription of ten years it follows that the prescription of ten years instead of three years is applicable to an action by the subrogated agent against the insured for reimbursement of the amount paid for his account.
*346 The doctrine of the cited cases is not applicable absent proof that the agent by virtue of his agreement with the insurer has assumed liability to the insurer for the payment of the premiums. See Perrin v. Saunders, La.App., 198 So.2d 555, 556.
The doctrine of the cited cases cannot be applied to the instant case as it is presently presented to us because no testimony was taken at the trial and the record as presently made up perforce contains no proof of the contractual relationship between plaintiff agency and the various insurers to whom the premiums advanced by plaintiff were due.
We are of the opinion that the Trial Court erred in taking up and deciding the exception of prescription without first having ruled upon plaintiff’s motion for summary judgment. We are of the further opinion that in view of the allegations of plaintiff’s petition the exception of prescription, even if properly reached, should not be decided without proof being heard relative to the relationship between plaintiff agency and the insurers represented by it.
For the foregoing reasons we are of the opinion that the interest of justice would best be served by remanding this case for further proceedings.
The judgment appealed from is annulled and the case is remanded to the Trial Court with instructions to consider first and render judgment upon plaintiff’s motion for summary judgment and thereafter, provided further proceedings are necessary to a final disposition of the case, to proceed therewith according to law and consistent with the views herein expressed; costs of this appeal to be borne in equal proportions by plaintiff and defendant, liability for all other costs to wait final determination of the cause.
Judgment annulled; case remanded with instructions.