341 So.2d 1301 (1977)
AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Marvin STINE and Peggy L. Stine, Defendants-Appellants.
No. 5787.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
John L. Van Norman, III, Lake Charles, for defendants-appellants.
Joe E. Bass, Jr. and Eugene A. Bouquet, Lake Charles, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
*1302 GUIDRY, Judge.
Defendants appeal from a judgment awarding plaintiff the principal sum of $680.00 for past due insurance premiums on six insurance policies. Defendants contend on appeal that the trial court rendered judgment on the basis of evidence which was inadmissible and insufficient. We affirm.
At trial, in support of its claim, plaintiff introduced the testimony under cross-examination of both defendants; the testimony of E. E. Henson, its sole representative in Southwest Louisiana; a copy of each insurance policy, with endorsements attached, certified as true copies of the originals by R. A. Frechette, Accounting Manager of the plaintiff company; interrogatories propounded by defendants to plaintiff and the sworn answers thereto of R. A. Frechette; and, a sworn itemization of the account of defendants with plaintiff. Based upon the above the trial court rendered judgment as prayed for by the plaintiff.
Appellants contend that the trial court erred: (1) in concluding that this was a suit on open account and that the sworn itemized statement was admissible in evidence pursuant to the provisions of LSA-C.C.P. Article 1702; (2) in allowing in evidence the interrogatories and sworn answers thereto; and, (3) in concluding that plaintiff had proved its demand by a preponderance of the evidence.
We conclude that the trial court erred in allowing the sworn itemized statement in evidence, over objection of defendants, however, we find that there is other admissible evidence in the record which establishes plaintiff's claim by a reasonable preponderance of the evidence.
The trial court concluded that the instant suit was one on open account and that the itemized account sworn to by plaintiff's accounting manager was admissible in evidence. In this connection the trial court reasoned as follows:
" ... the court finds this to be a suit on an open account ... ... While it is true that C.C.P. Article 1702 speaks of a confirmation of a default, its reference to the admissibility of an affidavit cannot be construed as limiting the admissibility of such an affidavit only to a default confirmation proceeding. If an affidavit is admissible evidence in confirming a default on an open account, it is admissible evidence in a suit on an open account in which an answer has been filed. It may not be sufficient proof in a contested open account suit, but it is nevertheless admissible in evidence..."
We find it unnecessary to express an opinion regarding the trial court's conclusion that a sworn itemized statement is admissible in a suit on open account in which an answer has been filed for we determine that this being a suit on contract the sworn itemized statement was inadmissible.
Louisiana considers an insurance policy as a contract between insurer and insured. Smith v. North American Company for Life, Accident & Health Insurance Company, 295 So.2d 483 (La.App. 3rd Cir. 1974), writ granted, 299 So.2d 360 (La.), reversed on other grounds, 306 So.2d 751 (La.); Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La. App. 4th Cir. 1972), writ refused, 261 La. 824, 261 So.2d 230. This being so an action by either the insured or insurer to enforce the provisions of such an agreement is one sounding in contract. Of course every insurance policy contains a provision which requires the insured to pay a stated premium for the protection which the policy affords. Our courts have consistently held, in considering whether a suit for past due insurance premiums was barred by the prescription of three or ten years, that such suit was not one on open account but rather one in contract subject to the prescription of ten years. In McElroy v. Parry, 152 So.2d 793, 794 (La.App. 2nd Cir. 1934) the court stated:
"... Each policy when issued was a separate contract between the insurer and the insured, and the policy itself was *1303 the best evidence of the contract and the amount due thereunder. We think it clear that under said written contract, the insurer could have sued and recovered, provided it had filed suit within ten years after the premium was due, and that the prescription of three years would not have been a bar to said action... "
The holding in McElroy, that the general prescriptive period of ten years is applicable in an action for past due premiums has been followed in, among others, the following cases: Calvert v. Harper, 205 So.2d 193 (La.App. 2nd Cir. 1967); Great American Indemnity Co. v. Laird, 73 So.2d 6 (La.App. 2nd Cir. 1954); Calhoun & Barnes, Inc. v. Epstein Land & Improvement Co., Inc., 165 So. 539 (La.App. Orl.Cir. 1936) and, Commercial Insurance Agency, Inc. v. Wilson, 293 So.2d 246 (La.App. 3rd Cir. 1974). A holding that for purpose of determining the admissibility of evidence a suit for past due insurance premiums is one on open account would be clearly inconsistent with the cited authority. Accordingly, we hold that the instant suit is one in contract and not on open account and therefore the trial court erred in admitting in evidence and in considering the sworn itemized statement of account. LSA-C.C.P. Article 1702 has no applicability to actions founded on insurance contracts.
As heretofore mentioned, excluding consideration of the sworn itemized statement of account there is other admissible evidence in the record which establishes plaintiff's demand by a preponderance of the evidence.
E. E. Henson, plaintiff's sole representative in Southwest Louisiana, testified that he had a long standing business relationship with defendants and that each of the policies in question were written at the direction of the insured. Mr. Henson testified further that four of the policies were cancelled upon request of Mrs. Stine and that the other two were cancelled for non-payment of premiums. Defendants did not deny issuance and receipt of the several policies and endorsements thereto, nor did their testimony substantially conflict with that of Mr. Henson. The interrogatories and answers thereto by Mr. Robert Frechette, accounting manager of plaintiff, set forth with clarity and specificity the property covered by the various policies; the date issued; the perils insured against; and, the cancellation date of each and the method employed in computing the amount owed by the insured. These interrogatories and the sworn answers thereto were admissible in evidence on trial under the provisions of LSA-C.C.P. Articles 1428 and 1491, Mr. Frechette being in the State of Georgia on the date of trial. A certified copy of each of the policies sued on were admitted in evidence. These policies, together with the endorsements thereto annexed, reflect the initial premium charge, the cancellation credit and the earned premium which was due on cancellation. The policies do not reflect the divided credits which the insured were allowed against each earned premium, however, the defendants can hardly complain about the allowance of these credits. Defendants offered no evidence to contradict the showing made by plaintiff. Under the circumstances we conclude that the admissible evidence establishes plaintiff's demand by a reasonable preponderance of the evidence.
For the reasons assigned the judgment appealed from is affirmed, appellants to pay all costs of this appeal.
AFFIRMED.