EDWARDS, Judge.
This is a suit by Cypress Insurance Agency, Inc. (Cypress), against Aqua Blast Service Company, Inc., of Louisiana (Aqua Blast), for the balance due on an open account of $2,567.79. The trial court granted a motion for summary judgment in favor of Cypress. From this judgment, Aqua Blast has appealed and has urged in this court, for the first time, the peremptory exception raising the objection of no right of action.
The petition filed by Cypress alleges that Cypress sold and delivered certain “merchandise” listed on an attached account record, to Aqua Blast. This account record discloses that the merchandise consisted of various policies of insurance. Further, the petition states that Aqua Blast has refused to pay the balance due on this merchandise. Aqua Blast filed a general denial to the petition. Thereafter Cypress filed a motion *1199 for summary judgment, which motion was granted by the trial court.
After the appeal was lodged in this court, but prior to submission of the case for a decision, Aqua Blast filed the peremptory exception raising the objection of no right of action alleging that an insurance agent cannot maintain an action in its own name for a premium due its principal. We consider this exception under the authority provided in LSA-C.C.P. art. 2163 as the attached account record makes it clear that plaintiff is suing to collect for insurance premiums. Therefore, the ground of the exception does appear of record.
The general rule recognized in Louisiana states that the insurer, not the agent, is the proper party to sue for premiums due on an insurance policy unless the agent has paid the company for the premiums or has become personally liable therefor, in which case the agent can sue for the premiums in his own name. Perrin v. Saunders, 198 So.2d 555 (La.App. 4th Cir. 1967); Janvier & Co., Limited v. Fritz, 180 So. 172 (La.App.Orl. Cir. 1938). cf. 44 C.J.S. Insurance § 358e.
We find nothing in the record from which any inference could be drawn that Cypress became subrogated to the insurer’s right to collect the premiums sued for. Therefore we hold that the general rule, stated above, applies and that plaintiff’s petition as presently drawn does not disclose a right of action.'
We do not reach the alleged errors in the summary judgment procedure in view of our above holding on defendant’s exception of no right of action.
Rather than dismiss the present suit, we believe the interests of justice would best be served by allowing the plaintiff, if he can, to amend his petition to state a right of action. LSA-C.C.P. art. 934.
For the foregoing reasons, the judgment appealed from is annulled and set aside, and there will be judgment herein in favor of defendant decreeing that plaintiff’s petition does not disclose a right of action against defendant.
Further it is ordered, adjudged and decreed that the plaintiff shall have leave to amend his petition, if he can, so as to state a right of action within twenty days of the finality of this judgment.
It is further ordered, adjudged and decreed that this matter be remanded to the trial court for further proceedings according to law with instructions to dismiss plaintiff’s suit in the event his pleadings are not timely amended in accordance herewith.
Costs of this appeal shall be paid in equal proportions by the appellant and appellee; liability for all other costs are to await final disposition of the case.
JUDGMENT ANNULLED; CASE REMANDED WITH INSTRUCTIONS.
COLE, J., concurs with written reasons.
SARTAIN, J., concurs for reasons assigned by COLE, J.