COLE, Judge,
concurring.
I concur in the result of the majority opinion for the following reasons.
The majority sustains the peremptory exception raising the objection of no right of action and remands to allow plaintiff the opportunity to amend its petition to overcome the objection. I would overrule the peremptory exception and remand on other grounds.
The objection of no right of action raised through the peremptory exception asserts that there is a class or group of plaintiffs to whom the law would permit recovery, but the plaintiff does not belong to that class. Thus, there is a want of interest, or no right of action. In this case plaintiff has made prima facie allegations of a right of action, i.e., it has alleged that it is the seller of merchandise to a defendant who has failed to pay the purchase price. There can be no doubt that the seller of merchandise ordinarily belongs to the class of people to whom payment of the purchase price must be paid.
However, there is an established line of cases in Louisiana holding that the insurer, *1200 and not the agent, is the proper party to sue for premiums due on an insurance policy unless the agent has paid the insurer for the premiums or has become personally liable therefor. See Commercial Insurance Agency v. Wilson, 293 So.2d 246 (La.App. 3rd Cir. 1974); Cusimano, Inc. v. Cusimano, 216 So.2d 344 (La.App. 4th Cir. 1968); Perrin v. Saunders, 198 So.2d 555 (La.App. 4th Cir. 1967); Janvier & Company, Limited v. Fritz, 180 So. 172 (La.App.Orl. Cir. 1938). The effect of this line of cases is that the class of plaintiffs to whom payment is due for the sale of insurance policies is either (a) the insurer, or (b) the agent who has paid or become obligated to pay the premiums. Accordingly, if Cypress has not paid or assumed liability for the premiums, it has a want of interest and no right of action to recover.
We may consider the peremptory exception filed for the first time in this court but only “if proof of the ground of the exception appears of record.” LSA-C.C.P. art. 2163. The exception is a means of defense. LSA-C.C.P. art. 921. When evidence is needed to sustain the defense, it is incumbent upon exceptor to bring forth such evidence.
In this case there is insufficient proof of the ground of the exception in this record. There is no direct evidence of payment or non-payment by Cypress, the agent. There is no direct evidence that the agent has or has not become liable for payment. Certainly, we may not take judicial notice that an agent never pays or assumes liability for the payment of premiums, nor may we draw any strong inference either way in this case. We may infer that the agent has not paid because one usually does not pay the debt of another. However, the statement of account does not reflect any credit for cancellation of certain policies. It is equally reasonable to infer that the insurer did not cancel these policies because payment had been received from the agent, who elected to extend credit to and retain good relations with his customer, the insured.
While the Code permits the filing of the peremptory exception on appeal, we may consider it only if proof of the ground of the exception appears in the record. I deem it improper to sustain it on a record which does not contain sufficient proof of the ground.
This does not mean that the result is incorrect. Because of the line of eases cited above, plaintiff could not recover until it established at the trial that it had paid the insurer the amount of premiums for which it sought recovery from defendant or that it had become liable therefor. The party making the motion for summary judgment carries the burden of clearly proving the absence of any genuine issue as to all material facts, and all reasonable doubts must be resolved against him. George & George, Ltd. v. Bennett, 329 So.2d 793 (La.App. 1st Cir. 1976). The failure of plaintiff to establish by affidavit or other evidence admissible under summary judgment proceedings that he paid the premiums results in the conclusion that summary judgment was improper because there was, and still remains, a genuine issue of material fact.
I would overrule the peremptory exception urging the objection of no right of action, reverse on the grounds that the summary judgment was improvidently granted, and remand to the trial court for further proceedings.