MARVIN, Judge.
In this action by plaintiff insurance agency for the balance of premiums owed on policies written for defendant and paid for by plaintiff, defendant appeals the judgment against him. We affirm.
This record reflects that for more than 20 years defendant was engaged in several businesses around Jonesboro and that plaintiff was defendant’s insurance agent. The agency procured many kinds of insurance coverage for defendant during the years, paid the insurers, and charged defendant on its books for the premiums. Defendant authorized plaintiff to draft monthly on one *1033 or more of plaintiff’s bank accounts to pay the agency. These drafts increased from $200 to $700 as defendant expanded his businesses and insurance premiums increased. Before their relationship terminated, plaintiff was writing insurance for defendant with premiums of approximately $8,000 per year.
When the relationship was ended, defendant owed plaintiff approximately $6,000. Plaintiff effectively cancelled some of the policies with lengthy policy periods, credited defendant’s account with premium adjustments, and sued for the balance of $4,102.
Defendant does not deny owing plaintiff some amount, but denies owing the amount sued on. Defendant does not claim or show fraud, ill practices, or even error or negligence on the part of plaintiff in keeping the account record. Defendant claims that a workers compensation premium was merely an estimated premium, that the account includes interest not agreed to by defendant, and plaintiff did not prove that payment had been made by it to the insurer(s).
The trial court impliedly found that defendant could have obtained an accurate premium figure for the w. c. insurance by either furnishing the insurer with its payroll and other pertinent records or by allowing the insurer to audit its records to gain such information. The trial court resolved the credibility issue against defendant, finding that defendant did not offer his business records for audit. We find no error in this respect. Extinguishment of an obligation in any manner, including by compensation and setoff, is an affirmative defense, the burden of proving which is on defendant. CCP 1005.
Plaintiff’s ledger sheets show the following charges as service charges and are otherwise unexplained.
“6/25/73 Serv. charge 86.14
“7/25/73 Serv. charge 107.23”
Total $193.37
Plaintiff has not shown that defendant agreed to pay service charges over and above the premiums charged defendant. We amend the judgment to reduce the amount awarded by the above total. Interest is due on this account from judicial demand. Bank of Louisiana v. Argonaut Insurance Company, 248 So.2d 349 (La.App. 4th Cir. 1971); CC 1938.
Defendant cannot complain that plaintiff is allowed to recover the balance due on premiums paid for defendant by plaintiff to insurance companies. Plaintiff was more than a mere seller of insurance to defendant. Plaintiff selected coverages and insurers for defendant as defendant’s business grew and changed, paid premiums for defendant to the insurers as they became due, and for defendant’s convenience, agreed to defendant’s paying plaintiff by the month instead of for the policy period. Plaintiff was the mandatary of defendant in this respect and became subrogated to the rights of the insurer to claim from the defendant (the insured under the policies) the amount of the premiums plaintiff paid on the policies for defendant. CC 2161(3). Calvert v. Harper, 205 So.2d 193 (La.App. 2d Cir. 1967).
The judgment is amended to reduce the principal amount from $4,102.60 to $3,909.23 and, as amended is AFFIRMED.