LOBRANO, Judge.
The sole issue in this appeal is whether the three year prescriptive period provided in La.C.C. Article 3538 or the ten year period for breach of contract is applicable. Plaintiff-appellant, Continental Insurance Company, filed suit against defendant-ap-pellee, Fairfield Temporaries, Inc., for $19,-165.00 allegedly due on account for insurance premiums. The trial court upheld the three year prescriptive period and dismissed appellant’s suit. This appeal followed.
Appellant contends that the trial court erred in concluding that this was a suit on open account. Rather, they argue their claim is one sounding in contract and is therefore governed by the ten year prescriptive period of L.C.C. Art. 3544.
On March 1, 1976 appellant issued two policies of insurance for the account of ap-pellee. One was a general liability policy and the other was a workmen’s compensation policy. They were originally issued for a 3 year term running March 1, 1976 through March 1, 1979, but both policies were terminated on March 1, 1977 for nonpayment of premiums. Suit was filed on August 23, 1982 more than three years after cancellation of the policies.
Louisiana jurisprudence considers an insurance policy as a contract between the insurer and insured. American Hardware Mutual Ins. Co. v. Stine, 341 So.2d 1301 (La.App. 3rd Cir.1977), and the cases cited therein. Furthermore, in an action by the insurer, or his subrogated agent, against the insured for premiums due, the weight of authority is that the ten year prescriptive period is applicable. American Hardware, supra; Commercial Insurance Agency, Inc. v. Wilson, 293 So.2d 246 (La.App. 3rd Cir.1974); Calvert v. Harper, 205 So.2d 193 (La.App. 2nd Cir.1968); Great American Indemnity Co. v. Laird, 73 So.2d 6 (La. App. 2nd Cir.1954); McElroy v. Parry, 152 So. 793 (La.App. 2nd Cir.1934).
Appellee counters with LeBoeuf v. Riera, 176 So.2d 216 (La.App. 4th Cir.1965), and argues that LeBoeuf held the three year period applicable. We disagree with that interpretation. The issue in LeBoeuf was whether two payments interrupted the three year prescriptive period. It was never argued, nor discussed by the Court whether the three or ten year period was applicable. Furthermore the subsequent 4th Circuit case of Cusimano, Inc. v. Cusimano, 216 So.2d 344 (La.App. 4th Cir.1968) recognized the ten year prescriptive holding of McElroy and Great Indemnity, supra, by stating:
“The cases cited by plaintiff stand for the proposition that where an insurance agent is liable to the insurer for the payment of premiums on policies issued by him as agent for the insurer and pays such premiums to the insurer, the agent becomes subrogated under the provisions of L.S.A.-C.C. Art. 2161(3), to all the rights of the insurer against the insured with respect thereto. The cases further hold that since the rights of the insurer to collect premiums from the insured are governed by the prescription of ten years it follows that the prescription of ten years instead of three years is applicable to an action by the subrogated agent against the insured for reimbursement of the amount paid for his account.” Cusi-mano, Inc. supra at 345.
Appellee further argues that both policies were retrospective, and since the total premium due on such policies is determined by *378 periodic audits we should characterize the amount due as an open account. We disagree. The determinative factor in choosing which prescriptive period applies is the underlying nature of the debt owed. The fact that a periodic accounting is rendered indicating when the debt is due does not change the character of the obligation. Commercial Ins. Agency, Inc. v. Wilson, supra. In a case involving a suit for amounts due under a gas sales contract, our Supreme Court held that the character of the obligation is not changed because of the fact that the amount due is to be determined by the occurrence of certain stipulated conditions. The obligation existed because of the contract, and thus the prescriptive period of ten years was applicable. United Carbon Company v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209 (1956).
We are convinced that the three year prescriptive period of Article 3538 for open accounts is not applicable to the instant case. The action of appellant is one for premiums due on two specific insurance contracts. The fact that the policies provide for a specific method of determining the amounts due thereunder do not change the nature of the obligation to an open account status as contemplated by Art. 3538. “This prescription [open account] has always referred to ‘accounts for goods sold, and merchants accounts against their customers and generally to those business or other relations in which accounts are usually rendered,’ ... a classification into which the plaintiff here obviously does not fall.” United Carbon Company, id. at 212. Accordingly we reverse the ruling of the trial court, and remand for further proceedings.
REVERSED AND REMANDED.