468 So.2d 815 (1985)
W. Conner PERCY, d/b/a Percy Agency
v.
Roger D. PERKINS.
No. 84 CA 0226.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
Rehearing Denied May 20, 1985.
Lonny A. Myles, Clinton, for plaintiff-appellee.
Alfred W. Speer, Poynter, Mannear & Speer, Baton Rouge, for defendant-appellant.
*816 Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
This is an action by an insurance agent for past due insurance premiums. The trial court rendered judgment in favor of the plaintiff, holding defendant liable for the sum of $2,330.95, plus costs and legal interest from the date of judgment. Defendant appeals, assigning two specifications of error.
The issues are: (1) whether the prescriptive period applicable to this suit is three or ten years, and (2) whether the plaintiff presented sufficient proof under former LSA-C.C. art. 2277 of a verbal contract for a value greater than $500.
We affirm.
The record shows that defendant first began doing business with plaintiff in 1975. Over the ensuing years, defendant purchased various insurance policies through plaintiff, who allegedly advanced payment of the policy premiums and allowed defendant to maintain an account. Defendant made periodic but irregular payments on the account, but as of August 25, 1980, the date of the last debit entry on his account, the balance due stood at $2,330.95. Defendant's last payment on the account was entered January 14, 1980. On July 20, 1983, plaintiff filed suit for the balance due, styling his petition as one on open account.
On the date of trial, defendant filed peremptory exceptions of prescription and no right of action. The trial court immediately overruled the exception of no right of action but deferred the exception of prescription to the merits. At the trial's conclusion, the trial judge rendered judgment on the merits in plaintiff's favor but failed to explicitly render judgment on the exception of prescription. On appeal, defendant contends that the trial court erred in overruling the exception of prescription.
There is jurisprudence to the effect that where a party who has filed exceptions in the district court does not insist upon a trial of and a ruling on his exceptions, they are considered waived, and need not be considered by the court on appeal. Williams v. Vidrine, 330 So.2d 396 (La. App. 3rd Cir.1976); Louisiana Power & Light Company v. City of Houma, 229 So.2d 202 (La.App. 1st Cir.1969), writ denied, 254 La. 1165, 229 So.2d 350 (1969).
However, the transcript record in this case reveals a colloquy at the close of trial between defendant's counsel and the trial judge, in which the former (in dutiful compliance with Code of Professional Responsibility DR 7-106(B)(1)[1]) presented to the court jurisprudence adverse to his client's position on the exception of prescription. Their recorded colloquy, and the judgment rendered on the merits, make it clear that the trial court implicitly ruled against the defendant on the exception. Accordingly, we will address the issue. See Oil Purchasers, Inc. v. Kuehling, 334 So.2d 420 (La.1976).
In argument on this issue of prescription, defendant contends that plaintiff failed to establish his right to subrogate himself to the rights of the insurance companies that issued the policies, and that absent such proof, plaintiff's suit must be classified as an action on open account, subject to a liberative prescription of three years.
In Louisiana, an insurance policy is a contract between the insured and the insurance company. American Hardware Mutual Insurance Co. v. Stine, 341 So.2d 1301 (La.App. 3rd Cir.1977). Therefore, the general rule is that the insurer, not the agent, is the proper party to sue for premiums due on an insurance policy unless the agent has paid the company for the premiums or has personally become liable therefore, *817 in which case the agent can sue for the premiums in his own name. Cypress Insurance Agency, Inc. v. Aqua Blast Service Co., Inc., 347 So.2d 1198 (La.App. 1st Cir.1977).
In effect, defendant is again asserting a peremptory exception of no right of action, but this time in brief only. The issue of plaintiff's right to institute suit is not properly before this court and will not be considered. LSA-C.C.P. arts. 927, 928 and 2163. Defendant failed to object to the trial court's overruling of his exception of no right of action and failed to assign the ruling as error on appeal. We are aware that an appellate court has the authority to recognize the lack of legal interest of a plaintiff on its own motion, LSA-C.C.P. art. 927, but this authority should be exercised sparingly. Roy v. Ducote, 399 So.2d 737 (La.App. 3rd Cir.1981).
Considering the above, and believing that the record discloses sufficient proof of plaintiff's right to institute suit for the unpaid insurance premiums, we conclude that this portion of defendant's argument lacks merit.
While there is some jurisprudence to the contrary, the bulk of authority holds that a suit for past due insurance premiums is a suit in contract, not one on open account, and is subject to a liberative prescription of ten years. LSA-C.C. art. 3499; Continental Insurance Company v. Fairfield Temporaries, Inc., 437 So.2d 376 (La. App. 4th Cir.1983); American Hardware Mutual Insurance Co. v. Stine, supra; Commercial Insurance Agency, Inc. v. Wilson, 293 So.2d 246 (La.App. 3rd Cir. 1974); Calvert v. Harper, 205 So.2d 193 (La.App. 2d Cir.1967); McElroy v. Parry, 152 So. 793 (La.App. 2d Cir.1934). Accordingly, defendant's first assignment of error has no merit. The trial court committed no error in overruling defendant's exception of prescription.
In his second assignment of error, defendant contends that plaintiff's proof was insufficient under former LSA-C.C. art. 2277 (now LSA-C.C. art. 1846[2]), which provided that an oral contract for an amount in excess of $500 must be proved by "one credible witness and other corroborating circumstances".
We note initially that at trial defendant admitted contracting orally with plaintiff for insurance policies with premiums totalling $1,427.95. It is undisputed that defendant made payments on his account totalling $700.00. Defendant thus admits owing plaintiff the sum of $727.95. However, whether defendant is liable for a policy premium of $1,603.00 remains in dispute. As plaintiff contends that defendant orally agreed to pay this sum, he must prove his case by one credible witness and other corroborating circumstances.
It is well settled that the plaintiff himself may be the "credible witness". Pearce v. Rogers, 423 So.2d 83 (La.App. 1st Cir.1982); Miller v. Harvey, 408 So.2d 946 (La.App. 2d Cir.1981). "Other corroborating circumstances" means only general corroboration; independent proof of every detail of the witness's testimony is not required. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977).
The trial judge, who had the opportunity to see and hear the plaintiff, accepted him as a credible witness and believed his testimony that defendant had orally authorized him to obtain a fire and extended coverage insurance policy on defendant's business, *818 and had orally agreed to pay the $1,603.00 premium which plaintiff advanced to the insurance company. We find no error in that conclusion.
As for the additional requirement under art. 2277 for "other corroborating circumstances", the question of whether the evidence offered by the plaintiff corroborates his claim is a finding to be made by the trier of fact, and that decision is not to be reversed unless clearly wrong. Pearce v. Rogers, supra. The reviewing court must give great weight to factual conclusions of the trier of fact, and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
After a complete review of the record, we conclude that the trial court's determination that there was sufficient corroborating evidence was not clearly wrong. Because we uphold the trial court's determination, we see no purpose in an exhaustive review of the corroborating evidence offered by plaintiff. Defendant's second assignment of error has no merit.
For the above assigned reasons, the judgment of the trial court is affirmed, at defendant's costs.
AFFIRMED.
NOTES
[1] Code of Professional Responsibility DR 7-106(B)(1) provides:

"(B) In presenting a matter to a tribunal, a lawyer shall disclose:
(1) Legal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel."
[2] Former LSA-C.C. art. 2277 provided:

"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved by one credible witness, and other corroborating circumstances."
LSA-C.C. art. 1846, enacted by Acts 1984, No. 331, § 1, now provides:
"When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances."