STOULIG, Judge.
Defendant, Crescent City Beauty Supply Co., Inc.,[1] has appealed a judgment awarding plaintiff, All Lines Insurance Agency, Inc., $1,278.17 in a suit for unpaid insurance premiums.
The facts are not disputed. In July 1975 Howard Malkove, president of defendant corporation, contacted Christopher Bertucci of plaintiff agency for price quotations on workmen’s compensation and general liability insurance policies. Malkove, having been quoted premiums of $2,125 for the liability and $353 for the compensation coverage, requested issuance of both. Coverage became effective July 15, 1975, however, the policies were not delivered until December 5, 1975 although Malkove requested delivery several times in the interim. When Bertucci finally brought the contracts, Malkove learned the premium for liability was $3,213 ($1,088 more than the quoted price) but the compensation premium remained the same. It was explained the insurer discovered plaintiff had more accidents than the number stated when the initial price was quoted. Malkove complained but he did not cancel because he had no other insurance. He issued a check for $353 that same date to pay for the workmen’s compensation coverage.
By letter of December 19, 1975, Malkove, still complaining about the sharp upward revision of price, nonetheless agreed to keep the policy and pay the premium. Thereafter he made several payments on the larger premium, and in January 1976, Malkove filed a claim under the general liability policy he now wishes to repudiate. On April 8, 1976, the insurer cancelled both the liability and the workmen’s compensation policy for nonpayment of premiums after first notifying the insured of its intent to do so.
Based on this evidence the trial court concluded plaintiff was entitled to recover the unpaid balance due for coverage under both policies from July 15, 1975 through April 7, 1976 (a total of 268 days, not including the date of cancellation). The annual premium for both, as revised by the December quotation, was $3,566. It is undisputed defendant’s payments and credits *1351 totaled $1,333. Apparently the trial judge computed the earned premiums by dividing $3,566 by 366 (the number of days in the policy year) and calculated the daily premium at $9.74316. This multiplied by 268 equals $2,611.17 and after deducting payments and credits, the unpaid balance is $1,278.17.
Appellant first contends the trial court improperly admitted evidence over objection that expanded the pleadings to establish plaintiff’s subrogee status. Plaintiff’s agent was allowed to testify it had paid the insurer the premiums incurred on Crescent’s policies. Defendant contends under Perrin v. Saunders, 198 So.2d 555 (La.App. 4th Cir. 1967), an insurance broker only acquires the right to sue for unpaid premiums by payment of the premiums to the insurer and a subrogation of its right to collect.
While the language of Perrin gives this impression, its holding must be limited to the facts of that case, totally distinguishable from this one. In that case plaintiff Vincent Perrin filed a petition alleging it sold and delivered to Wilbur Saunders certain insurance policies and incorporated by reference a statement of account. The invoice was that of Black Rogers Agency to Saunders. The connection between Perrin and Saunders was unexplained and there was no testimony to clear it up because both litigants, apparently conceding the relationship between plaintiff and defendant, viewed the issue as one of prescription. On appeal, this court sua sponte noticed the lack of connexity.
In this case plaintiff has alleged an indebtedness to it which defendant has acknowledged verbally and in writing. The allegation of debt between plaintiff and defendant is sufficient to warrant introduction of evidence to establish how the indebtedness arose in plaintiff’s favor, whether by subrogation or other means. The testimony and correspondence between the litigants establish a debtor-creditor relationship; therefore, we hold the trial court did not err in admitting evidence of payment by plaintiff to the insurer.
Appellant next contends there was no contract of sale confected because there was no meeting of the minds. Appellant correctly states a sale becomes complete only after vendor and vendee have consented to the object and the price. (C.C. arts. 2439, 2456.) Had Malkove withdrawn from the sale on December 5, 1975 when he learned of the price increase we would agree there was no contract. Malkove’s aggravation about Bertucci’s dilatory delivery and high-handed announcement of increased premiums is understandable; however, when he subsequently agreed to pay the modified premium (albeit not cheerfully), and when he made a claim under the general liability policy in January 1976, he did assent to the change in price. We find there was a meeting of the minds.
Finally appellant disputes the method of computing the balance due by it. Without a protracted discussion, we conclude the formula set forth previously was fair under the circumstances and point out defendant was not required to pay premiums generally charged for premature cancellation.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. By supplemental petition Crescent City Beauty Supply Co., Inc., was made a party defendant. The judgment of the trial court dismissed plaintiffs suit against Howard Malkove, doing business as Crescent (Rex) Beauty Supply Co.